BRONK VAN LOAN, RESPONDENT, *v.* MARY J. SQUIRES AND OTHERS.

MARY E. McKINLEY AND WILLIAM W. SHARPE, APPELLANTS.

*A sale of real estate under a decree of foreclosure, when the owner of the equity of redemption has died before the decree was entered, is not only irregular, but without authority — an heir-at-law of the owner is entitled to be made a party defendant — he cannot be compelled as a condition thereof to pay all costs, charges and expenses subsequent to the death of the owner of the equity of redemption — laches — appeal from the part of an order imposing a condition.*

An action was commenced in December, 1876, for the foreclosure of a mortgage upon property situated in the city of New York. No further proceeding was taken in the case until 1886, when, in August of that year, an order of reference was made to compute the amount due to the plaintiff for principal and interest upon the mortgage debt. Upon the report of the referee a decree of foreclosure was entered on August seventeenth, under which, on September 17, 1886, the property was sold to Henry F. Brennan, who was then the owner and holder of the bond and mortgage. On July 19, 1888, no referee's deed having been delivered, Brennan assigned his purchase and interest in the bond and mortgage to Simon Sterne, who has since that time been the owner and holder thereof.

Mrs. Mary J. Squires, who was the owner of the property described in the mortgage at the time the foreclosure action was commenced, died in February, 1878, and the action was at no time revived by making any person representing her interest a defendant in it. On August 1, 1888, Mary E. McKinley, the only surviving and sole heir of Mary J. Squires, applied to the court for leave to become a party to the action as the owner of the equity of redemption.

Upon an appeal by Mary E. McKinley and William W. Sharpe, to whom she had conveyed the equity of redemption in May, 1888, from so much of an order amending the proceedings in the action by making her a party as of March 1, 1878, as imposed as terms the payment of all costs, charges and expenses subsequent to the death of Mary J. Squires, including the referee's and auctioneer's fees:

*Held,* that as it appeared by the affidavit of Mary E. McKinley that she only acquired information concerning the action, and as to the proceedings taken therein, within a few weeks prior to the time of making her affidavit on the 13th of April, 1888, the motion was made with reasonable diligence after this information had been acquired by her.

That an objection taken by the respondent, that the appeal was ineffectual for the reason that only so much of the order as imposed terms upon Mary E. McKinley had been appealed from by the notice of appeal, was not well taken, as section 327 of the Code of Procedure and section 1300 of the Code of Civil Procedure

allowed any party, whose substantial rights are affected by an order, to appeal from that part of it deemed to be injurious to the party appealing.

That, as the foreclosure proceedings were defective and incomplete, and the owner of the equity of redemption was a necessary party to the action, she should not, as a condition of being made a party thereto, be charged with these costs and expenses, which were incurred without authority; that the latter part of the order imposing these terms as a condition should be reversed.

APPEAL by Mary E. McKinley and William W. Sharpe from so much of an order, made at a New York Special Term and entered in the office of the clerk of the city and county of New York, on September 25, 1888, amending the proceedings in the action by making her a party defendant, as imposed as terms the payment of all costs, charges and expenses, subsequent to the death of Mary J. Squires, including referee's and auctioneer's fees incurred on a sale of the premises under a decree of foreclosure of a mortgage on the 11th day of September, 1888.

*Joseph O. Brown,* for Mary E. McKinley and William Sharpe, appellants.

*J. Alex. Beall,* for the respondent.

DANIELS, J.:

The action was for the foreclosure of a mortgage upon property situated in the city of New York. It was owned by Mary J. Squires. The action was commenced in December, 1876, and it was not until August, 1886, that an order of reference was entered, referring the case to a referee to compute and ascertain the amount due to plaintiff for principal and interest upon the mortgage debt, and on the seventeenth of the same month judgment for the foreclosure and sale of the property was entered upon the report of the referee. Mary J. Squires, the owner of the equity of redemption, died in February, 1878, and the action was at no time revived, by making any person a defendant in it, representing her interest. The proceedings of the reference resulting in the judgment were, accordingly, not only irregular, but they were without authority. For the owner of the equity of redemption is a necessary party to the action for the foreclosure of a mortgage. *Hall* v. *Nelson* (23 Barb., 88), which is not in conflict with either of the authorities referred to on behalf of the respondents, for the reason that the

decease of the parties in those cases took place after the judgment. At the time of the decease of Mrs. Squires, which succeeded the decease of her husband, she left her surviving as her sole heir, Mary E. McKinley, one of the appellants, and she applied to the court for leave to become a party to the action as the owner of the equity of redemption. But she was not such owner at the time when the order to show cause was made, on the 1st of August, 1888. She did, however, own the equity of redemption in the property until the last of May, 1888, when she conveyed it to William W. Sharpe, the other of the appellants. And it appears that it was one of the conditions of the sale of the equity of redemption that the previous proceeding, including the order of reference, should be vacated and set aside, and it was under this obligation that the motion was made in her behalf to make her a party to the action; and that, by the order, was done as of the 1st of March, 1878, which would render her sale and conveyance of the property to Sterne subject to the action.

There was no laches on her part in making the application. It appears by her affidavit that she only acquired information concerning the action and the proceedings taken therein within a few weeks prior to the time of making her affidavit on the 13th of April, 1888. Facts were set forth in the affidavit of Henry T. Brennan, from which he inferred that Mrs. McKinley must have had information concerning the action during the lifetime of her mother. But the inference has not been so far supported by the facts stated as to overcome this positive denial in her own affidavit. And a similar answer is applicable to the affidavit of Simon Sterne, indicating a probability that Mrs. McKinley was informed of the action five months or more before the motion. The motion was, therefore, made with reasonable diligence after this information had been acquired by Mrs. McKinley.

To defeat the appeal the objection has been taken that it is ineffectual, for the reason that only so much of the order as imposes terms upon Mrs. McKinley has been appealed from by the notice of appeal; and the cases of *Tribune Association* v. *Smith* (40 N. Y. Supr. Ct. [8 J. & S.], 81) and *Havemeyer* v. *Havemeyer* (44 id. [12 J. & S.], 171), have been brought to the attention of the court in support of this objection. But they seem to have been decided

without any reference to the provision contained in the Code, allowing an appeal from an order to be taken from "a specified part thereof." This was the law as it was contained in the Code of Procedure, amended and enacted in 1849, and made section 327, and it has since in the same form been continued in force, and will now be found as section 1300 of the Code of Civil Procedure.

This section was so framed and continued as to entitle the party whose substantial rights are affected by an order, to appeal from that part of it deemed to be injurious to the party appealing. And it has been the practice, notwithstanding these decisions, to sanction and consider such appeals, and the point accordingly arises whether Mrs. McKinley should have been charged with the payment of these costs and expenses as a condition to the leave given her to become a party to the foreclosure suit.

At the sale, Henry T. Brennan, the assignee of the bond and mortgage, became the purchaser of the property, and he probably went into possession under his purchase. Since then he appears to have parted with his interest; for on the 19th of July, 1888, he transferred and assigned his purchase and interest in the bond and mortgage to Simon Sterne. These parties were willing to allow the proceedings to remain in the defective and incomplete condition they have been in since the decease of Mrs. Squires, the owner of the equity of redemption. And, in that condition of the case, Mrs. McKinley and the purchaser from her, Mr. Sharpe, would be entitled to redeem the premises from the mortgage by paying the principal and interest remaining now unpaid upon it. But the court considered it to be its proper disposition that Mrs. McKinley should be made a party to the action as of the 1st of March, 1878, which would render a sale of the property made after this order legal and regular, vesting a good title in whoever should become the purchaser. Each party is willing to leave this part of the order in force. Neither the plaintiff nor the purchaser, nor his grantee has in any way drawn in question the regularity or propriety of this part of the order. But it has become a fixed and permanent part of the action and, under it, Mrs. McKinley is to be brought in as a defendant. The sole controversy has been reduced to the terms. And, as a matter of equity, there was no justifiable ground for charging her with the costs and expenses of the preceding unauthorized proceedings. They were

of no benefit either to herself or to the property, and if an action to redeem the mortgage should be prosecuted by her, she could not be charged with these costs and expenses, for the reason that they were incurred without authority, and the latter part of the order, providing that they shall be repaid out of the proceeds of any subsequent sale, in no way remedies the injustice of this requirement. For even in that event the costs and expenses of the unauthorized proceeding would still be a charge upon her interest in the property, which it should not legally or equitably be made to bear. What was done in the action after the decease of Mrs. Squires was without jurisdiction and a nullity, and the expenses of the proceedings could not legally be made a charge upon the interest of Mrs. McKinley in the equity of redemption.

So much of the order as imposed these terms as a condition to the right of Mrs. McKinley to become a party to the suit should, therefore, be reversed, with the usual costs and disbursements of the appeal to the appellant to abide the event of the action.

Van Brunt, P. J., and Brady, J., concurred.

Order reversed, with costs and disbursements of the appeal to the appellant to abide the event of the action.