BEARD, J., did not sit.

---

## CALLAHAN v. E. O. HOUCK & CO.

BILL OF EXCEPTIONS—AMENDMENT AND CORRECTION—WITHDRAWAL
OF BILL FOR CORRECTION, WHEN ALLOWED.

1. Where it does not appear in the bill of exceptions, or the cer-
tificate of the trial judge attached thereto, that the bill con-
tains all the evidence given in the cause, the presumption is
that the bill is not complete and that portions of the evi-
dence have been omitted.

2. Where the error assigned is that the judgment is not sup-
ported by sufficient evidence, a bill of exceptions with por-
tions of the evidence omitted is no more effectual than no
bill at all. In either case the appellate court will, on error,
assume that the evidence given in the cause was sufficient
to support the judgment.

3. Until the time allowed for the presentation of a bill of ex-
ceptions has expired, the bill itself or supplemental bills
may be presented by counsel for the consideration of the
court; but, after such time has expired, counsel loses con-

trol of the bill, and cannot of his own motion, make further changes except to suggest amendments or corrections to make it speak the truth.

4. When a bill of exceptions is signed by the trial judge and filed, it becomes a part of the record, and can only be amended or corrected in the manner provided by law for the amendment or correction of any other part of the record.

5. Since during the term at which the trial occurs and judgment is entered, the entire record is within the control of the court, and the bill of exceptions, as a part of the record, is within the control of the court during the term, if presented and signed during such term, it may be amended or corrected during the term by the judge from his own recollection, or upon his own motion, or the motion of counsel, the same as any other part of the record.

6. After the term at which the trial occurred and judgment was entered, and the bill was signed, if the latter was signed during the term, the trial court loses control of the bill, the same as any other part of the record of the term, and the bill cannot then be amended or corrected from the memory of the witnesses, or the mere recollection of the trial judge, but only upon minutes or memoranda such as would authorize the entry of a *nunc pro tunc* order amending or correcting any other part of the record.

7. Since a bill of exceptions when signed and filed becomes a part of the record, it can only be corrected or amended by the court where such record is made. The power of correction or amendment is not vested in the appellate court.

8. An appellate court will not permit a bill of exceptions to be withdrawn for the purpose of amendment or correction as a matter of course; especially is this true where the defect is due to the laches of the party seeking relief.

9. When and under what circumstances a bill of exceptions will be sent back to the trial court for correction and amendment are matters within the discretion of the appellate court.

10. While a bill of exceptions will usually be returned for amendment or correction when the mistake is due to some act of the defendant in error or his counsel, it will not ordinarily be so returned when the mistake is due to the laches of the plaintiff in error or his counsel, though upon timely application and satisfactory showing the court might in such case order its return, to avoid a clear miscarriage of justice.

11. The return of a bill of exceptions for correction refused where the defect was the omission of a statement that the bill contained all the evidence, and counsel for plaintiff in error had notice of the omission while the bill remained in the court below, but took no steps there to have the correction made, and no showing was made as to whether the bill did in fact contain all the evidence, or whether the trial court had in its possession any minutes, memoranda or record upon which the amendment sought to be made could be made if the bill should be returned.

[Decided December 16, 1905.]                    (83 Pac., 372.)

ERROR to the District Court, Natrona County, HON. CHARLES E. CARPENTER, Judge.

On motion to dismiss, and motion to withdraw the bill of exceptions for the purpose of having the same corrected. .

*L. E. Armstrong,* for defendants in error, argued and contended that the proceeding in error should be dismissed for the failure of the plaintiff in error to have the papers in the cause transmitted to this court forthwith or in a reasonable time after the order therefor was made.

*Norton & Moody,* for defendants in error, argued and contended that the bill of exceptions was insufficient to authorize any consideration of the evidence, in failing to show that it contained all the evidence, citing Roy v. U. Mer. Co., 3 Wyo., 417; and that the exception taken to the overruling of the motion for new trial must appear in the bill, citing Freeburgh v. Lamoureux, 73 Pac., 545; Bank v. Anderson, 53 Pac., 280. They further argued that the showing made was insufficient to authorize the return of the bill for correction, and ·contended that without some minute or memorandum as evidence on which to base a correction or amendment, it could not be made; and also that the mistake was the fault of counsel for plaintiff in error, citing Ry. Co. v. Walsh, 37 N. E., 1001; Bank v. Eldred, 143 U. S., 293.

*Butler & Hagens,* for plaintiff in error.

Where the trial judge has in apt time certified to a bill of exceptions made from the stenographer's transcript, and

the certificate fails to state that the bill contains all the evidence, the judge may at a subsequent term amend his certificate so as to show that the bill contains all the evidence where the stenographer's transcript shows the evidence of each party by question and answer, and that they respectively rested. Such amendment may be made by a separate order referring by apt words to the certificate to be amended. (Ry. Co. v. Walsh (Ill.), 37 N. E., 1001; Heinsen v. Lamb, 7 N. E., 75; Harris v. Tomlinson (Ind.), 30 N. E., 214.)

VAN ORSDEL, JUSTICE.

This action was brought by the plaintiff in error against the defendant in error in the District Court of Natrona County for the recovery of a reward. The cause was tried to the court and judgment was entered for the defendant. The errors assigned cannot be considered unless the evidence is in the record by a proper bill of exceptions. The bill of exceptions was signed by the trial judge and filed with the clerk of the District Court on May 13, 1905. The petition in error was filed in this court on May 17th, but the original papers containing the bill of exceptions were not filed here until October 21st. On August 31st counsel for defendant filed a motion to strike the bill of exceptions from the files, for the reason that the trial judge had not certified that it contained all the evidence given in the cause. On September 13th counsel for plaintiff filed a motion suggesting a diminution of the record and asking permission to withdraw the bill of exceptions for the purpose of having the certificate of the trial judge amended. The propriety of granting the request to withdraw the bill is the first question that requires consideration.

Nowhere does it appear in the bill of exceptions or the certificate of the trial judge attached thereto, that the bill contains all the evidence given in the cause. This defect raises the presumption that the bill is not complete and that portions of the evidence have been omitted. Where the

error assigned is that the judgment is not supported by
sufficient evidence, a bill of exceptions with portions of the
evidence omitted will be no more effectual on appeal than
no bill at all.   In either case, this court will assume that the
evidence given in the cause was sufficient to support the
judgment.   The bill of exceptions in this case is, therefore,
fatally defective, and will not authorize the consideration
of any of the errors assigned, all of which depend upon the
sufficiency of the evidence.   Section 3740, Revised Statutes,
provides:  "The party objecting to the decision must except
at the time the decision is made; and time may be given
to reduce the exception to writing, but not beyond the first
day of the next succeeding term."  Until the time allowed
by the court for the presentation of the bill of exceptions
has expired, the bill itself or supplemental bills may be
presented by counsel for the consideration of the court.
But when the time allowed for the presentation of the bill
expires, counsel lóses control of it, and cannot of his own
motion make any further changes, but might doubtless
suggest to the court any amendments or corrections neces-
sary to make it speak the truth.   When the bill of excep-
tions is signed by the trial judge and filed, it then becomes
a part of the record, and can only be amended or corrected
in the manner provided by law for the amendment or cor-
rection of any other part of the record.  (Heinsen v. Lamb,
117 Ill., 549.)   During the term at which the trial occurs
and the judgment is entered, the entire record is within the
possession and control of the court.   The bill of exceptions,
being a part of the record and within the control of the
District Court during the term, if it be presented and signed
during the term, may be amended or corrected by the trial
judge from his own recollection, or upon his own motion, or
upon the motion of counsel, the same as any other part of
the record may be amended or corrected during term.   After
the term has expired, however, if the bill has been signed
and filed during the term, the trial court loses control of
the record, and the bill of exceptions as part of the record
cannot then be amended or corrected from the memory of

witnesses or the mere recollection of the trial judge, but only upon minutes or memoranda in the possession of the court or judge, such as would authorize the entry of a *nunc pro tunc* order amending or correcting any other part of the record. And when in pursuance of time given for that purpose under the statute, a bill of exceptions is presented after the term, and it is then signed and filed, it becomes a record subject to amendment and correction in the same manner only as a record after the term.

In the case of Seig v. Long et al., 72 Ind., 18, appellant sought to amend a bill of exceptions, after the close of the term in which the bill was signed and filed, by incorporating therein the clause, "and this is all the evidence given in the cause." Elliott, Judge, rendering the opinion, said: "There could be, in the case of such an omission as that described, nothing by which to amend, for at no time was any record made, nor, in truth, was any intended to be made, of the clause now sought to be declared part of the bill. The right to direct any amendment, of the general character of that proposed by appellant, to a bill of exceptions, after the close of a term, is a very doubtful one, if, indeed, it exists at all, and certainly such an amendment as that here insisted upon cannot be allowed." In Kirby v. Bowland, 69 Ind., 290, it was said: "A court may record a fact *nunc pro tunc;* that is, if the fact existed then, it may record it now; but it cannot record a fact now which did not exist then; and there must be some record, note, entry or minute of some kind on which to base it, connecting it with the case." In Illinois the following rule is announced relating to the amendment of a bill of exceptions as part of a record after term: "The amendment must be shown by the production of some note or memorandum from the records, or *quasi* records, of the court, or by the judge's minutes, or from some entry in some book required to be kept by law, or in the papers, or on file in the cause. It cannot be determined from the memory of witnesses or the recollection of the judge himself." (Tynan v. Weinhard, 153 Ill., 598; Supreme Lodge, Knights and Ladies of Glenwood, v. Annie

Albers, 106 Ill. App. Ct., 85.)   In Schlessinger v. Cook, 8 Wyo., 484, this court, in considering a motion to strike the bill of exceptions from the record, said: "If in fact the order under consideration was made after the term was closed, we think it entirely clear that it was void. When the term ended, the court lost its plenary power over the judgments and records of that term; and they could be changed only in the manner and by the methods provided by law. This is the rule at common law, and is quite generally followed in this country."

Since the bill of exceptions when signed and filed becomes a part of the record, it can only be corrected or amended by the court where such record was made. No such power is vested in the appellate court. (Warner v. Hutchins, 48 Neb., 672.) Neither will an appellate court permit a bill of exceptions to be withdrawn for the purpose of amendment or correction as a matter of course; and especially is this true where it appears that the failure to incorporate into the bill of exceptions, or the certificate attached thereto, all that is necessary to make it a true bill, is due to the laches of the party seeking relief. (MacFarland v. West Side Improvement Association, 47 Neb., 661.) The practice is likewise well settled that when and under what circumstances a bill of exceptions will be sent back to the trial court for correction or amendment are matters entirely within the discretion of the appellate court. Counsel for plaintiff in error should remember that this is their own bill of exceptions, and that it was their duty to present to the trial judge for allowance a true bill. The certificate for the signature of the trial judge is as much a part of the bill as the evidence, and it is the duty of counsel who present the bill to see that the certificate is correct. While it is true that a bill of exceptions will usually be returned for amendment or correction when the mistake is due to some act of the defendant in error or his counsel, it is equally well settled that it will not ordinarily be returned when the mistake is due to the laches of the plaintiff in error or his counsel, though upon timely application and satisfactory

showing, the court might in such case order its return to avoid a clear miscarriage of justice. In this case, the omission in the bill of exceptions of a statement that it contains all the evidence in the cause is the fault of counsel for plaintiff in error, and not as contended an error chargeable to the trial judge. It will be observed by a comparison of the above dates that the motion of defendant in error to strike the bill of exceptions from the files was promptly made. Counsel for plaintiff had notice of the omission in the bill or certificate, while the record was still in the lower court, and no steps were taken to have the same corrected. No affidavit or showing of any kind whatever from the trial judge is before us to indicate whether the bill does contain all the evidence or whether the court has in its possession any minutes, memoranda or record upon which the amendment sought could be made, if the bill of exceptions were returned. We are left by counsel for plaintiff to surmise what, if anything, could be accomplished by the return of this record. This court is not responsible for the neglect of counsel in the preparation of their cases, and will not indulge needless or unnecessary neglect such as appears in this case. Here the mistake is not due to the appellee nor his counsel, nor to the court, but to the laches of counsel for appellant, and no reason is apparent why the request should be granted.

The motion of plaintiff to have the bill of exceptions returned to the trial court for amendment is denied. The motion of defendant to strike the bill of exceptions from the files is sustained. The evidence not having been properly carried into the record, there is no question presented for our consideration. The appeal is, therefore, dismissed.

POTTER, C. J., and BEARD, J., concur.