## STOCKGROWERS' BANK OF WHEATLAND
## v. GRAY.
## (No. 786.)

Appeal and Error—Bill of Exceptions—Withdrawal for Amendment.

1.  It is not the province of the supreme court to amend the bill of exceptions, but the court may return a bill to the district court to permit an application to amend to be made and considered in that court.

2.  The power to allow a bill of exceptions to be withdrawn for amendment has been liberally exercised, where the motion for the withdrawal has been timely made, without passing finally upon the sufficiency of the showing as to the existence of a record or fact to entitle the bill to be amended in the manner proposed, since the party opposing the amendment can question the propriety thereof, if made, when the case again comes before the supreme court for consideration.

3. A bill of exceptions showing no objections to the giving or refusal of instructions, but it being alleged in a motion to withdraw the bill for amendment to show such exceptions that exceptions were noted by the trial judge upon the original instructions filed in the case, and that the fact of such exceptions appears of record in the files of the case, *held,* that whether there was sufficient record or memoranda upon which to properly base the amendment should first be determined by the district court, and, therefore, that the motion to withdraw should be granted.

[Decided December 1, 1914.]                (144 Pac. 294.)

ERROR to the District Court, Laramie County; Hon. WILLIAM C. MENTZER, Judge.

The action was brought in the District Court by Rachael E. Gray against the Stockgrowers' Bank of Wheatland, and from a judgment in favor of the plaintiff the defendant brought error. Heard on motion of plaintiff in error to withdraw the bill of exceptions for amendment.

*Marion A. Kline* and *Oscar O. Natwick,* for plaintiff in error.

*Clark & Clark,* for defendant in error.

PER CURIAM.

Counsel for plaintiff in error has filed a motion for leave to withdraw the bill of exceptions that the same may be ordered returned to the District Court to permit an application to be there made to amend the bill in certain particulars, viz: so as to show that certain instructions given by the court to the jury were duly excepted to by the plaintiff in error; that the plaintiff in error duly excepted to the refusal of the trial court to give certain instructions; and that the order overruling the motion for new trial was duly excepted to. Upon a hearing of the motion it was conceded that there had been no laches on the part of counsel in filing the same, and that there was sufficient record memoranda to justify amending the bill to show that the plaintiff in error excepted to the overruling of its motion for new trial; it appearing that the journal entry recording that ruling

states that it was excepted to at the time. And to avoid
the necessity of returning the bill for amendment in that
particular counsel for defendant in error consents that the
bill may stand as so amended if his position that there is not
sufficient record evidence or memoranda to authorize the
amendment of the bill in the other particulars proposed
shall be held to be well taken.

The rule controlling the amendment or correction of a bill
of exceptions after the term is stated in Callahan v. Houck,
14 Wyo. 201, 83 Pac. 372, as follows: "After the term has
expired, however, if the bill has been signed and filed dur-
ing the term, the trial court loses control of the record, and
the bill of exceptions, as part of the record, cannot then be
amended or corrected from the memory of witnesses or the
mere recollection of the trial judge, but only upon minutes
or memoranda in the possession of the court or judge, such
as would authorize the entry of a *nunc pro tunc* order
amending or correcting any other part of the record. And
when in pursuance of time given for that purpose under
the statute, a bill of exceptions is presented after the term,
and it is then signed and filed, it becomes a record subject
to amendment and correction in the same manner only as a
record after the term." The matter of amending a record
after the term so as to make it speak the truth was consid-
ered in the case of School District v. Western Tube Co.,
13 Wyo. 304, 80 Pac. 155, and we there stated the strict
rule prevailing in several of the States that the correction
or amendment must be based upon some matter of record,
or some written memorandum or minute of the transaction
appearing in the case clearly showing what actually oc-
curred, and the more liberal rule prevailing in other States
permitting the amendment upon any evidence, properly ad-
missible, and satisfactory in its weight and character, with-
out then determining which rule is the more reasonable. In
this case it is alleged in the motion that the fact of the ex-
ceptions to the instructions and the refusals to instruct re-
ferred to in the motion were noted by the trial judge upon
the original instructions filed with the papers in the case.

and in the affidavit of counsel filed in support of the motion it is stated that the fact of such exceptions appears of record in the files of the case. It is contended in argument by counsel for defendant in error that the alleged notation upon the several instructions is insufficient in form as a record memorandum upon which to properly base the proposed amendments of the bill.

It is not the province of this court to amend a bill of exceptions; all that we can do in that respect is to return a bill to permit an application to be made and considered in the District Court, and we have been inclined to a liberal exercise of our power in the matter in order to avoid a possible miscarriage of justice, where the motion for the withdrawal and return of a bill for amendment has been timely made, without passing finally or conclusively upon the sufficiency of the showing as to the existence of a record or fact to entitle the bill to be amended in the manner proposed, since the party opposing the amendment can, if the bill be amended, question the propriety thereof when the case comes before this court for consideration. With reference to the showing here made as to the basis for the amendment to show the exceptions to the instructions and refusals to instruct, we think the matter should first be determined by the District Court. The motion to withdraw and return the bill for the purpose aforesaid will therefore be granted, and the bill will be ordered returned to the clerk of the District Court, together with such other parts of the record as may be necessary to present the application to amend, the same to be returned to the clerk of this court with the proceedings and order of the District Court in the matter of said amendment within a period to be fixed in the order.