## HALL OIL COMPANY v. BARQUIN
### (No. 1041; Decided April 10, 1923; 213 Pac. 941)

APPEAL AND ERROR—SPECIFIC GROUNDS FOR EXCEPTIONS TO INSTRUC-
TIONS NEED NOT BE INCORPORATED IN BILL OF EXCEPTIONS—ORAL
EXCEPTIONS TO INSTRUCTIONS MAY BE DICTATED INTO THE RECORD
AFTER INSTRUCTIONS GIVEN.

1. It is not necessary to properly preserve exceptions to an
   instruction to state the specific grounds thereof in a bill of
   exceptions, the usual practice being to state such grounds
   when first objecting to proposed instructions, without in-
   corporating them in the record, a continued reliance upon
   the record objection being usually indicated by merely
   announcing that the party excepts to the giving of the
   instruction at the time it is given.

2. On motion to return a bill of exceptions to the trial court
   for correction as to the time at which exceptions to cer-
   tain instructions were dictated to the court reporter, *held*,
   that the showing made by the moving party was not suf-
   ficient to sustain an amendment thereto declaring that
   the exceptions were not taken at the time the instructions
   were given.

3. It is not improper for the trial court to allow exceptions to
   instructions to be dictated for the purpose of getting them
   into the record after the instructions are given, on an un-
   derstanding that the matter should go into the record as
   a part of the exceptions taken at the time of the giving
   of the instructions.

ERROR to the District Court, Fremont County; HON.
RALPH KIMBALL, Judge.

Action by James Barquin and another against the Hall
Oil Company and others. Judgment for plaintiffs and de-
fendants bring error. Heard on motion to return bill of ex-
ceptions for correction.

(See also 28 Wyo. 164, 202 Pac. 1107.)

*John J. Spriggs*, for the motion.

The application to withdraw the bill of exceptions for the
purpose of correction should be granted under Supreme
Court Rule 12, there being no counter-showing made, and

also upon authority of Harris v. State (Wyo.) 153 Pac. 881. At any rate the lower court should have an opportunity to pass upon the question of the propriety of the amendment upon a hearing in which plaintiff in error may be heard—that would give plantiffs in error their day in court. (Doran v. Kennedy, 237 U. S. 362.) Defendants in error have not been guilty of laches; we feel that the application should be granted in order that the record may be made to speak the truth and that this court shall only review errors or alleged errors first presented to the lower court.

*John D. Clark* and *Hagens & Murane,* contra.

The court reporter, by affidavit, states that he fully and completely transcribed his notes into the transcript, which is a part of the bill of exceptions on file in the case, at the conclusion of the evidence and after instructions were given. He further states that the date "December 2nd, 1920" was not in his notes at the time the exceptions were dictated but were inserted there sometime afterwards. This note cannot be taken as a note upon which to base an amendment to the bill; a note from which an amendment can be made must be a note made at the trial; affidavits are inadmissible in an appellate court to question the truth of a bill of exceptions appearing to have been regularly settled. (LeClair v. Hawley, 17 Wyo. 222.) Defendants in error were aware of the situation of which they complain prior to July 25th, 1921 but have delayed action until now. Their duty was to act with promptness. (Freeburgh v. Lamoureux, 13 Wyo. 454.) The bill cannot be amended from the memory of witnesses or of the trial judge after it has been signed and filed, but may be amended only by notes or memorandum in the possession of the court or judge such as would authorize an entry of a *nunc pro tunc* order. (Callahan v. Houck & Co., 14 Wyo. 201.)

*John J. Spriggs,* in reply.

The bill of exceptions was filed without permitting defendants in error to inspect it; the showing made by defendants in error is that a memorandum is in existence which contains the necessary material for amending the bill; the record of the reporter shows that the exceptions were dictated into the record on December 2nd, 1920; the reporter has no record of plaintiff's alleged request for leave to dictate the exceptions into the record after the trial; a motion for a new trial cannot be used as an instrument to embody exceptions not timely made. (Whitcomb v. Mason, 102 Md. 275, 4 L. R. A. (N. S.) 565; Secs. 5863-5865 C. S. 1920; Meadows v. Roberts, 21 Wyo. 48.) Time to reduce exceptions to writing does not mean time to make exceptions; it means time to reduce to writing exceptions actually taken at the trial; a mere statement at the trial by a party that he "excepts" is not sufficient assignment for review in the Supreme Court; specific grounds of exception made at the time must appear somewhere in the record; no rule of court can operate to authorize the taking of exceptions at a time different from that fixed by statute. (Russel v. State, 194 Pac. 245.)

POTTER, Chief Justice.

This cause is before us at this time upon an application of the defendants in error for an order directing that the bill of exceptions be returned to the District Court to allow the same to be amended and corrected so that it may speak the truth, by inserting on a specified page (445) the date when the exceptions to certain instructions there mentioned "were dictated to the court reporter, to wit at about 8 o'clock a. m. on Dec. 2, 1920, the day following the rendition of the verdict." And it is stated in said application that the bill was not submitted to the defendants in error before its allowance, and that the suggested amendment is necessary in order that the bill shall correctly show the facts.

That motion is supported by an affidavit of counsel for defendants in error and also an affidavit of the court reporter. Said counsel's affidavit is to the effect that the bill as filed herein is incorrect and insufficient in that it does not state the time that the exceptions to the instructions were dictated by counsel for plaintiff in error; that said dictation occurred at about 8 o'clock in the morning of the day following the rendition of the verdict; that the bill had not been exhibited to defendants in error or their attorney prior to allowance and filing; and that there was no opportunity on their part to discover and they did not discover the suggested error until after the allowance and settlement of the bill. The affidavit of the court reporter, who took the evidence and prepared and certified to the transcript thereof and certain proceedings of the trial court found in the bill, is to the effect that his official stenographic notes show that the jury in said case retired to consider their verdict at the hour of 5:35 o'clock p. m. on December 1, 1920; that on December 2 "the following proceedings were had, to wit: that Mr. Murane dictated to the said reporter the exceptions to the instructions as they appear on page—— of the bill of exceptions." It may be assumed that the page intended, though left blank, is page 445 mentioned in the application. It is stated further in his said affidavit that he has no other record or memorandum showing exceptions to the instructions in this case, or any other proceedings concerning the same except as above set forth as having occurred on December 2, 1920; and he states also the fact shown by his official records that he took notes of the trial of the case of State v. Henry V. Johnson, which was commenced at the hour of 9.00 o'clock in the forenoon of December 2, 1920.

The plaintiffs in error have submitted in opposition to the application an affidavit of the said court reporter subscribed and sworn to a few days later than his affidavit above mentioned, in which it is stated substantially as follows: That his original notes of the trial in this cause were written with a fountain pen and ink; that later he correctly

and fully transcribed all of said original notes, which transcription is contained in the bill of exceptions herein; that in the notes so transcribed and appearing in the bill in the last paragraph on page 445, commencing with the words "By Mr. Murane," he finds the words "Dec. 2, 1920;" that said date was not in said notes when Mr. Murane made the dictation shown on that and the following pages, but that it was written with lead pencil into affiant's notes after said dictation was made; that he is unable to state when the words and figures of the quoted date were written into his notes, "but is of the impression that he put them in at the time when he transcribed the notes for the bill of exceptions;" and that in his original notes of the testimony and proceedings of this case "he has no note or memorandum of the hour, the date or hour, when the exceptions to the instructions, dictated into the record by Mr. Murane, as shown on page 445 of the bill, were in fact dictated into the record." The said affidavit then continues as follows:

"The affiant further says that after the conclusion of all of the evidence in the case, and before the trial court gave its instructions to the jury, counsel for the parties appeared before the trial judge, to object to the several instructions given in the case, and consumed about an hour in argument in presenting such objections, and that exceptions were taken at the time to the several instructions given. That a number of criminal cases were waiting for trial, for which witnesses were in attendance, and that counsel for plaintiffs in error requested of the trial court leave to dictate said objections and exceptions into the record, and that the trial court thereupon gave counsel for plaintiffs in error permission to reduce their exceptions to writing and to dictate the same into the record after the instructions were given."

The part last above quoted was probably not intended as a statement of what is found in the reporter's notes, but as stating facts within his personal recollection; and we so understand it. The specific part of the bill referred to by the application under consideration is the following found

on page 445, in the last paragraph: "By Mr. Murane (at the conclusion of all the evidence and after the instructions were given): The defendants except to instruction number one given by the court for the reason that the first paragraph assumes that a trespass had been committed by the defendants upon the lands described in the petition, and that damages had been sustained by plaintiffs," * * *. This is followed on several succeeding pages, 446 to 449 inclusive, by a statement of exceptions to instructions 2, 4, 5 and 8, and the grounds of such exceptions respectively. Immediately preceding the said last paragraph on page 445, the said transcription of the reporter's notes shows that the evidence had been concluded at 11.55 o'clock on December 1, 1920, that the court was then in recess until 3.30 p. m., that upon reconvening the court instructed the jury and the cause was argued to the jury by counsel for the respective parties, whereupon the jury retired to consider their verdict, subsequently returning with their verdict, and were thereupon discharged. It is probable, that being the usual practice, that during the said recess requested instructions were discussed upon objections, resulting in the court's conclusion to give those that were given and to refuse those not given, allowing the respective parties their exceptions. And it appears elsewhere and at the proper place in the bill that exceptions were timely taken, as we shall show.

It is to be observed that the desired amendment of the bill is for the purpose *only* of showing that what appears on page 445 to have been said by Mr. Murane was dictated to the court reporter on December 2, 1920, after the verdict had been rendered and the jury discharged. It is not proposed by the application to change or amend the bill in any other particular; thus, it is not proposed to amend the bill respecting the time when the exceptions were actually taken and stated in court, which is found fully and definitely stated in another part of the bill. And it may not be out of place here to say that it has never been the general practice in this state or thought necessary, to properly preserve the

exception to an instruction, to state the specific grounds thereof in a bill of exceptions; the usual practice having been, as we understand it, to state such grounds when first objecting to proposed instructions, without incorporating them in the record; a continued reliance upon the objection being usually indicated by merely announcing that the party excepts to the giving of the instruction, at the time it is given.

Continuing that subject, it may be said further, as tending to explain the practice, that in civil cases the jury is instructed upon the law of the case before proceeding with the arguments of counsel. (Comp. Stat. 1920, Sec. 5769.) It is provided in that section: 1. That when special instructions are desired by either party, they shall be reduced to writing, numbered and signed by the party or his attorney, and delivered to the court. 2. That before the argument of the case is begun, the court shall give such instructions upon the law to the jury as may be necessary, "which instructions shall be in writing, and be numbered and signed by the judge." 3. That the court shall either give requested instructions, or positively refuse to do so, or give them with modifications, "and shall mark or endorse upon each instruction so offered in such manner that it shall distinctly appear what instructions were given in whole or in part, and in like manner those refused," so that either party may except to the instructions as given or refused or modified or to the modification. 4. "All instructions given by the court must be filed, together with those refused, *as a part of the record.*" This last clause is considered, and, to some extent explained, in Stoner v. Mau, 11 Wyo. 366, 72 Pac. 193, 73 Pac. 548.

Referring again to the bill we find it stated on page 470, immediately following a recital of the instructions given by copying the same and reciting that each was given: "To the giving of instructions numbered 1, 2, 4, 5, 6 and 8, as given by the court, the defendants excepted *at the time* (italics ours) and the exception was allowed, as will more

fully appear in the transcript, on pages 446 to 449, both inclusive, and the defendants' exceptions in this behalf are hereby settled and allowed.''

The fact that the said exceptions were stated to the court, and understood by the court to have been taken at the time the instructions were given, is shown further in the bill by a statement following each of the instructions so excepted to, as copied into the bill, that ''defendants except;'' that appearing to have been noted over the initialed signature of the trial judge. And this is verified by the original instructions found in the record here among the original papers outside the bill, shown by proper endorsement thereon to have been filed on December 1, 1920, which filing is required by the statute ''as a part of the record.'' We copy here the notations in writing, evidently in the handwriting of the district judge who presided at the trial, under two or three of said instructions given: Under Instruction No. 1 appears the following: ''Given by the court of its own motion. Plaintiffs except. Defendants except. R. K. J.'' The initials unquestionably were intended as the official signature of the trial judge in compliance with the statute requiring instructions given to be signed by him, and are to be read or interpreted as meaning: ''Ralph Kimball, Judge;'' the record showing that Judge Kimball, then the judge of the District Court wherein the cause was tried, but now a justice of this court, presided at the trial and allowed the bill of exceptions. Underneath Instruction 4 appears the following: ''Requested by the plaintiffs. Given. Defendants except. R. K. J.'' Similar notations appear under each of the instructions given, showing the exception, if any; and the exception of defendants to each instruction mentioned on pages 445 to 449 of the bill, inclusive, is shown as above by a notation of the exception under the instruction and over the signature of the judge.

We think it may properly be assumed, nothing to the contrary appearing, that the trial judge, when allowing the bill, believed that it spoke the truth in stating that the ex-

ceptions of defendants to the instructions were taken at the time they were given, especially in view of his written notations to the same effect underneath each of the original instructions. And we think it unreasonable to expect, in view of the only record memoranda now disclosed, that he might find proper ground upon which to order a correction in that respect, or even in the particular suggested by the application under consideration. While it is true that this court need not, upon the hearing of an application of this kind, finally decide as to the sufficiency of the showing made here to authorize the proposed amendment, in order to justify a return of the bill for a hearing upon the motion in the District Court, the showing here must nevertheless be sufficient to establish, at least, the probability of some reasonable ground for returning the bill. This court said in Callahan v. Houck, 14 Wyo. 201, 83 Pac. 372, where the question was fully considered: ''Neither will an appellate court permit a bill of exceptions to be withdrawn for the purpose of amendment or correction as a matter of course; * * *. When and under what circumstances a bill of exceptions will be sent back to the trial court for correction or amendment are matters entirely within the discretion of the appellate court.''

And we think the showing now made is not sufficient. Certainly not to sustain an amendment declaring that the exceptions were not taken at the time the instructions were given; and as to the grounds of the several exceptions stated on pages 445 to 449 inclusive, if the same may be material upon a hearing of the cause, the showing made fails to establish the existence of any record or other memoranda sufficient to authorize the proposed correction. It appears to us inconceivable, from the proof before us relating to the pencil notation of the date ''Dec. 2, 1920,'' in the reporter's notes, that the judge who presided at the trial of the cause, or the present judge of the district, might conclude that the bill should be corrected to show that the dictation by defendants' counsel there recorded was in fact after the trial

had been concluded with the rendition of the verdict, without further explanation of the reason therefor, thereby causing a possible discrepancy between what would then appear at that place in the bill and on subsequent pages and in other parts of the record. But, in view of the recitals elsewhere in the bill, we do not conceive it to be very material when the grounds of the exceptions were dictated for the purpose of getting them into the record; the court might properly, we think, allow that to be done after the trial, upon the understanding that the matter should go into the record as a part of the exceptions taken at the time the instructions were given. And, to say the least, there is no showing here that such was not the fact and the understanding in this case.

The motion or application for the return of the bill for correction will, therefore, be denied.

*Motion Denied.*

BLUME, J., concurs. KIMBALL, J., did not sit.