## STATE, FOR USE OF FREDERICK v. ALLEN, ET AL.
### (No. 1606; June 24, 1930; 288 Pac. 1058)

For the respondents motion to dismiss, there was a brief and oral argument by *C. A. Zaring,* of Basin, Wyoming.

For the appellant and in resistance of the motion there was a brief by *William C. Snow,* of Basin, Wyoming.

RINER, Justice.

This cause is before the court upon a motion of the respondents to dismiss the appeal. The ground of the motion is in substance that the judgment of the District Court, sought to be reviewed and which was "given and signed by the District Judge" on May 29, 1929, was not entered and recorded in the office of the clerk of the District Court of Big Horn County until June 27, 1929, and hence the notice of appeal, which was served and filed in the office of said clerk on the 7th day of the month last mentioned, was prematurely given and filed.

Upon an inspection of the record we find that the certified copy of the judgment shows it to conclude with the words "done in open court on this 29th day of May, 1929," followed by the signature of the judge who tried the case. The certificate of the clerk of the District Court attached to the judgment also discloses that the judgment was "entered in Court Journal No. 9 on page 630 under date of May 29th, 1929."

Under repeated decisions of this court, it has been held that in the absence of any affirmative showing in the record as to the date when a judgment was entered upon the journal of the District Court, and in the event there is nothing to show it was not entered upon the date it was given, it will be presumed that it was entered upon that date. See Hahn v. Bank, 25 Wyo. 467, 171 Pac. 899, 891, 172 Pac. 705; Coffee v. Harris, 27 Wyo. 394, 197 Pac. 649; Thomas v. Bivin, 32 Wyo. 478, 235 Pac. 321. Further, it is to be observed that this court said, in the case of Hahn v. Bank, supra:

"We suppose it to be the custom to enter a judgment or order upon the journal as of the date or as a part of the proceedings of the day it was rendered or made or the decision or order was signed by the judge, notwithstanding that the entry is not actually made in the journal until after that date. And that we think is proper. (Hoffman-Bruner Granite Co. v. Stark, 132 Ia. 100, 108 N. W. 329; Puckett v. Gunther, 137 Ia. 647, 114 N. W. 34.) And it will be presumed that an entry was made on the date under which it appears in the journal, unless the contrary is shown by the entry itself or by the record otherwise."

Upon the face of the record, as it now stands, it would clearly appear that the application of the doctrine of these cases here would require the denial of the motion to dismiss.

But attached to that motion we find several affidavits which purport to give the testimony of the clerk and his assistant, that the judgment aforesaid was not actually written upon the journal of the court until June 27, 1929. There is also the affidavit of counsel, likewise attached to the motion, that he examined the court journal shortly after the notice of appeal was served upon him on June 7, 1929, when he discovered that the judgment had not been entered on the journal. It is said we are to regard these affidavits questioning the record, in the disposition of this motion. In Van Horn v. State, 5 Wyo. 501, 40 Pac.

964, this court, speaking of that part of the record included in a bill of exceptions, said:

"The judge must include in the bill of exceptions all matters not a part of the record in order to make them of the record, and neither counsel nor the clerk of the court may do this.

"It would be a loose and a dangerous practice to supply omissions in the bill by affidavits of the counsel or others, and the statute does not permit it. What is not made by the statute a part of the record of the trial court, must go in the bill and be identified by the judge of the court, the same as the other records are. We can not suspend the statute or the rule in order to let into the record matters not embodied or referred to there, unless, perhaps, by consent."

And in Hahn v. Bank, supra, discussing the same point relating to a record on appeal, it was also remarked:

"This court, in its consideration of the case, is confined to the record on appeal; and we do not think it competent to show merely by affidavits filed in this court the fact that the judgment or order appealed from was or was not entered or when the entry thereof was made, thereby contradicting or supplying a deficiency in the record in that respect."

Several weeks after the motion to dismiss was argued and submitted, respondents filed in this court an application for an order permitting the withdrawal of the record on appeal for correction and amendment. The ground of the application appears to be substantially that of the above described motion to dismiss, and the application is supported by the affidavits of the clerk and his assistant, similar in purport with those previously executed by them, and heretofore referred to as attached to the motion. This application is doubtless made pursuant to the suggested practice in Hahn v. Bank, supra, where this court said:

"Affidavits may, no doubt, be proper in support of a motion to return the record for correction or to afford an opportunity for its correction or amendment in the District Court."

Without considering the effect of the delay in not presenting such an application until after the argument and submission of the motion to dismiss, we are yet of the opinion that the application for the withdrawal of the record cannot be granted, under previous decisions of this court.

It is apparent that the term at which the judgment below was rendered and entered has long since elapsed. The rule which should govern the matter of procuring corrections or amendments of the record after the close of the term at which a judgment is entered, is stated in Callahan v. E. O. Houck & Co., 14 Wyo. 201, 83 Pac. 372, 373, as follows:

"During the term at which the trial occurs and the judgment is entered, the entire record is within the possession and control of the court. The bill of exceptions, being a part of the record and within the control of the District Court during the term, if it be presented and signed during the term, may be amended or corrected by the trial judge from his own recollection, or upon his own motion, or upon the motion of counsel, the same as any other part of the record may be amended or corrected during term. After the term has expired, however, if the bill has been signed and filed during the term, the trial court loses control of the record, and the bill of exceptions as part of the record cannot then be amended or corrected from the memory of witnesses or the mere recollection of the trial judge, but only upon minutes or memoranda in the possession of the court or judge, such as would authorize the entry of a *nunc pro tunc* order amending or correcting any other part of the record."

The rule just quoted was recognized in Stock Growers Bank of Wheatland v. Gray, 22 Wyo. 482, 144 Pac. 294, and again referred to in Posvar v. Pearce, 37 Wyo. 509, 263 Pac. 711. It is true that this language was used, touching that part of the record in proceedings in error included in a bill of exceptions, but we can see no reason on principle why the rule is not pertinent here. Our attention has been directed to no statute or authorities which would lead us to a different conclusion.

No effort was made to secure an amendment or correction of the record below during the term at which the judgment was rendered, although the affidavit of counsel indicates that he knew of its condition in the respect now complained of shortly after the notice of appeal had been served upon him, and long before the close of the term. The affidavits in support of the application to withdraw the record do not show that the rule announced in the case of Callahan v. E. O. Houck & Co., supra, could be met. They plainly embody merely the recollection of the clerk and his assistant concerning the entry of the judgment, and they entirely fail to show that "minutes or memoranda in the possession of the court or judge" exist, by which the court below would properly be enabled to amend or correct the record, as respondents assert should be done. It is evident, therefore, that to send the record back under such circumstances would be a useless procedure. When such a situation is presented, an application to withdraw the record for amendment or correction will not be allowed. Goodrich v. Bank, 26 Wyo. 492, 188 Pac. 36.

As general authorities relative to the amendment of the record after lapse of the term at which a judgment has been entered, see 38 Am. & Eng. Ann. Cas., 681, and extended note; 15 C. J. 978, Sec. 398.

In the Hahn case, supra, as we have seen, it was said that it was proper to enter a judgment as a part of the

proceedings of the day it was rendered, although the actual entry in the journal was not made until later.

Where that had been done, in the case of Morewood Realty Holding Co. v. The Amazon Rubber Co., 18 Ohio App. 201, it was held that a motion filed at a term of court subsequent to that at which the judgment was rendered, asking the court to correct its record to show the entry of the judgment to have been made on the date when the entry was actually spread upon the journal of the court, the entry not having been spread upon the journal until several days after the day it was rendered, could not be granted under the general code Section 11631 (see W. C. S. 1920, Sec. 5923), authorizing the court to modify its judgment after term "for mistake, neglect or omission of the clerk," as there was no mistake, neglect or omission on the part of the clerk. This decision was subsequently affirmed by the Supreme Court of Ohio. See The Amazon Rubber Co. v. Morewood Realty Holding Co., 109 Ohio St. 291, 142 N. E. 363.

Without disregarding rules established by previous well considered cases in this court, we are unable to sustain the motion to dismiss or grant the application to withdraw the record for correction, and, accordingly, our conclusion is that they must be denied.

BLUME, C. J., and KIMBALL, J., concur.