## COTTIER v. SULLIVAN, ET AL.

(No. 1817; April 10, 1934; 31 Pac. (2d) 675)

(APRIL TERM, 1934)

For the plaintiff and appellant there was a brief by *Reid & More,* and *J. M. Roushar,* all of Torrington, and oral argument by *Mr. Erle H. Reid.*

For the defendants and respondents there was a brief and oral arguments by *William E. Mullen* of Cheyenne, and *J. L. Sawyer* of Torrington.

KIMBALL, Chief Justice.

Respondents moved to dismiss the appeal on the ground that the record on appeal fails to show either the entry of the judgment or the date when it was en-

tered. Hahn v. Citizens State Bank, 25 Wyo. 467, 171 Pac. 889, 172 Pac. 705, and Goodrich v. Big Horn County Bank, 26 Wyo. 42, 174 Pac. 191, are cited in support of the motion. These cases hold that the record must show both the entry and date of entry of the judgment appealed from. Entry is a prerequisite to the right of appeal, and the date of entry must be shown in order that the court may see whether the steps necessary to perfect the appeal have been taken within the time allowed by statute. In each of the cited cases the record failed to show that the judgment was entered. In the case at bar the certificate of the clerk states "that annexed hereto are true and correct copies of all the filings made in the case * * * together with true copies of all the orders and judgment made in said cause all full and true, as the same appear recorded at length in the journal of said court, and more particularly described as follows:" The certificate then sets forth a list of papers preceding and annexed to the certificate. Among the things listed is "Decree, filed July 5th, 1932." This is the only judgment or decree listed in the certificate or contained in the record. Turning to the papers composing the record we find a copy of what purports to be the judgment, entitled "Decree," signed by the judge and endorsed "Filed this 5th day of July, 1932, Dudley Conaway, Clerk of District Court." There can be no doubt that this is the judgment or decree referred to in the clerk's certificate which states that "all orders and judgment" are "recorded at length in the journal." The record, therefore, shows the entry of the judgment.

The record must show not only the entry of the judgment but also the date of entry. In this case the date of entry is not shown by any direct recital, but under our previous decisions that is not necessary. In

Coffee v. Harris, 27 Wyo. 394, 197 Pac. 649, the record contained a copy of a dated judgment certified to be a true copy as it appeared of record in the journal of the court. The clerk's certificate did not state when the judgment was entered, but we presumed it was entered on the day of its date, as there was nothing in the record to indicate the contrary. In Thomas vs. Bivin, 42 Wyo. 478, 235 Pac. 321, the record contained no affirmative showing as to the date of entry of the judgment, but did show the date of rendition, and we presumed that it was entered on that date. In Barnett v. Finance Ass'n., 38 Wyo. 511, 268 Pac. 1025, we said: "If the entry of record is actually shown, the date may be presumed to be that of the rendition, or the date which it bears." See, also, State v. Allen, 42 Wyo. 51, 288 Pac. 1058.

Under the foregoing authorities, we may presume that the judgment in the case at bar was entered on the date it was rendered if that date appears from the record and there is nothing to indicate that it was entered at some other time. It is evident that, following a common and proper practice in cases of this kind (Hahn v. Citizens State Bank, supra, at p. 479 of 25 Wyo., 171 P. 889, 172 P. 705), the form of the judgment was approved and signed by the trial judge, and then delivered to the clerk for entry. The delivery of this approved and signed form to the clerk for entry may properly be considered the last act in the rendition of the judgment. Though, perhaps, the form for judgment need not have been "filed" by the clerk, we accept his statement in his certificate, that it was filed July 5, 1932, as showing that it was delivered to him on that day. This is confirmed by the file mark on the copy of the judgment contained in the record. We think, therefore, that the record shows that the judgment was rendered on July 5, 1932. As the record shows its entry on the journal, we shall presume that it was entered

on the day of its rendition, as there is nothing to indicate the contrary. The case cannot be dismissed on the grounds stated in the motion.

The case was submitted both on the motion to dismiss and on the merits. In considering the merits we have come to the conclusion that the appeal must be dismissed because it is not taken from the judgment nor from a separable part of the judgment.

The Goshen Ditch Company, defendant and respondent, hereafter called the ditch company, maintains and operates an irrigation system. Sullivan, the other defendant and respondent, owns 80 acres of farm land irrigated by water supplied by the ditch company. The lateral used to carry this water runs in a general northeasterly direction from its headgate in the canal of the ditch company to Sullivan's land. Between the headgate and Sullivan's land the lateral crosses another 80-acre tract, formerly farming land, which several years ago was bought by the Goshen Townsite and Development Company (hereafter called the townsite company) and platted as a part of the townsite of the new town of Yoder. The townsite company also took possession of Sullivan's land under a contract of purchase, and then changed the location of the lateral where it crosses the townsite so as to make it run for a distance of three blocks along the side of Markley street in the town of Yoder. Thereafter, in 1925, the contract for purchase of the Sullivan land was rescinded and the land returned to Sullivan who is a nonresident and has leased the land to tenants who have used the lateral as changed by the townsite company.

Later, probably between 1927 and 1929, the plaintiff (appellant) and three other owners of lots in Yoder built residences on Markley street where the changed lateral runs. Each residence has a basement. In Novem-

ber, 1931, the plaintiff, as the owner of one of the residences and assignee of the three other owners, commenced this action against the ditch company and Sullivan for the recovery of damages alleged to have been caused during the years 1930 and 1931 by water seeping from the mentioned lateral into the basements of the four houses, and for an injunction to restrain the further use of the lateral. He charges that the seepage was the result of defendants' negligence both in the construction and in the maintenance and operation of the lateral, and in support of the prayer for injunction alleges that the lateral where it runs along Markley street is a nuisance which should be abated.

The case was tried by the court without a jury. There was no request for findings (see § 89-1321, R. S. 1931) but the judgment is preceded by several recitals or findings of facts, some of which are already stated above. There is no finding that either defendant had anything to do with the construction of the lateral along Markley street, but it is found:

"That the defendant Sullivan, and the defendant The Goshen Ditch Company have had knowledge of the careless and negligent manner in which said ditch and lateral was constructed, and that notwithstanding this knowledge, they have continued from year to year, to make use of it, using said ditch to conduct water to the lands of the defendant Sullivan, and have thereby adopted and ratified and made their own the trespass and negligence of said Goshen Townsite and Development Company."

Negligence in construction of the ditch is stated to be this: "That the same is constructed through porous, sandy and loose soil, and without any appreciable fall, and is a dead and slow running ditch." It is then stated that "In so constructing same the amount of seepage and loss by percolation of said ditch was grossly aggravated, and raised the water table on the property

of plaintiff and his assignees to such a depth that the same flowed into said basements."

It is found that:

"Sullivan has been negligent in maintaining and operating said ditch since 1925, without making any attempts whatever to correct seepage and percolation therefrom, although the matter has been frequently called to his attention, and he has often been requested so to do."

And that the ditch company has been negligent in this:

"That said Ditch Company was under contract with the defendant Sullivan to deliver water to his said land; that they delivered said water to the defendant Sullivan at the head of the lateral, which they knew was negligently constructed, and from which they knew that the waters of the defendant Sullivan seeped and percolated to the damage of the plaintiff and his assignees, and that notwithstanding their knowledge of the condition of said lateral, and notwithstanding the protests of plaintiff and his assignees, and notwithstanding their knowledge of the fact that said water if delivered by it to the defendant Sullivan, at the head of said lateral would be conducted through said lateral, to the loss, damage and annoyance of plaintiff and his assignees, they continued to so deliver said water to the defendant Sullivan, to be used in that manner."

It was further found that neither defendant "had any right, franchise or license to maintain and operate a lateral along Markley street" and that in so doing "defendants are trespassers, and that said lateral and its maintenance and operation constitutes a nuisance, which plaintiff and his assignees are entitled to have abated and enjoined."

It is then found that the damage to the property of plaintiff is $1.00, and the damage to his assignees $1.00

each, a total of $4.00, which "on account of the premises stated, plaintiff is entitled to recover of and from the defendants and each of them, as damages herein."

The judgment which follows the findings and recitals is that defendants be perpetually enjoined "from maintaining and operating a lateral along Markley street in said Town of Yoder, unless and until they have obtained proper franchise or license to do so, and then only upon proper and uniform grade, and after lining the same so as to prevent the escape of water therefrom by seepage and percolation;" and, further "that the plaintiff have and recover from and of defendants and each of them, judgment in the sum of $4.00 together with costs.

The defendants did not appeal, and the briefs say that the judgment for injunction has been complied with.

The plaintiff's appeal, in the language of the notice of appeal, "is from so much of the finding, order and judgment of said court * * * as finds that the damage to plaintiff and his assignees is nominal only and awards nominal damages therefor."

The direct appeal law provides for review by appeal of any judgment or order theretofore removable to the supreme court by proceeding in error. Rev. St. 1931, § 89-4901; Bock v. Nefsy, 29 Wyo. 33, 207 Pac. 1008. In the statutes in regard to proceedings in error we find no provision that would seem to authorize a proceeding for removing to this court a part of a judgment or order. The appeal statute, however, provides that "the notice of appeal shall state whether the appeal is from the whole or a part of the judgment or order appealed from, and if from a part only, shall specifically state what part." § 89-4902. It is held in Montana that such a statute does not give the right of

appeal from a part of a judgment. Barkley v. Logan, 2 Mont. 296; Plaisted v. Nowlan, 2 Mont. 359. A view contrary to the Montana cases prevails in California, South Dakota and New York. Hayne's New Trial & App. § 185; Male v. Harlan, 12 S. Dak. 627, 82 N. W. 179; Van Loan v. Squires, 51 Hun. 360, 4 N. Y. Supp. 371. Looking to both section 89-4901 and section 89-4902, it would seem that the part of latter section that speaks of a notice of appeal from a part of a judgment or order was put in the law on the assumption that parts of some judgments and orders are removable to the supreme court by proceedings in error. We can make the same assumption in this case without deciding the point, and proceed on the theory that if there is no statute directly authorizing an appeal from part of a judgment, such an appeal may nevertheless be taken in a proper case.

An appeal from a part of a judgment, with or without express statutory authority, can only be taken from a part that is separable from the rest for the purposes of the appeal. 8 Bancroft's Code Practice, § 6267. It is the judgment that must be separated. We find no authority for the separation of issues or findings.

The plaintiff has undertaken first to separate the part of the judgment which grants an injunction from the part that determines the question of damages. We may assume that he had a right to do this, and to appeal only from the latter part. But he does not appeal from the part that determines the question of damages, but only from so much thereof "as finds that the damage * * * is nominal only and awards nominal damages therefor." Construction of this language, if needed, is found in plaintiff's brief, where it is said: "On the face of the record, the defendants are trespassers, have negligently constructed and operated a ditch which has caused damage, no appeal has been

taken from these findings and these matters are now conclusively determined. * * * If the case were sent back to the trial court, it could only be for the purpose of determining the amount of the damage which plaintiff should recover."

It is clear that plaintiff undertakes to separate the judgment on the question of damages, and by appealing only from the decision as to the amount, prevent this court from acquiring jurisdiction that would permit the consideration of the issues as to negligence, nuisance or trespass. The judgment cannot be thus separated into parts. In fact, it is not a separation of the judgment on the cause of action for damages, but a separation of issues or findings. The judgment on the causes of action claiming damages is for the recovery of four dollars. This resulted from the decision of several issues including the issues as to defendants' negligence or trespass or accountability for maintaining a nuisance, and, also, the issue as to the amount of damage sustained by plaintiff as the result of defendants' acts or omissions. The findings of the court on all the issues are grounds for the judgment, but those findings or issues cannot be separated for the purpose of appealing from a part. We can find no authority for holding that in an action for damages caused by negligence or trespass or nuisance, a party dissatisfied with the amount recovered can appeal from only that part of the judgment which fixes the amount. See: Cromwell v. Burr, 9 Daly (N. Y.) 482; Maxham v. Berne, 88 Wash. 158, 152 Pac. 673. He may, of course, appeal from the judgment, and assign error only in the assessment of the amount. See, Snowball v. Maney Bros., 39 Wyo. 91, 270 Pac. 167, 271 Pac. 875, 61 A. L. R. 199. When he does that, the supreme court, having jurisdiction of the whole judgment, may in its disposition of

the case follow the provisions of § 89-4803 which provides:

"A judgment rendered or final order made by the district court may be reversed in whole or in part, vacated or modified by the supreme court for errors appearing on the record. Where a judgment is reversed in part for error relating only to an issue which is in no way dependent for its proper trial on any other issue or issues found to have been properly tried, and a partial new trial may be had without prejudice or injustice to any of the parties concerned, the cause may be remanded for the trial of the issue alone upon which the error was committed."

This statute clearly contemplates that the supreme court shall have jurisdiction of the judgment on all issues that it may think should be tried again. It is for the court to decide when an error relating only to one issue is "in no way dependent on any other issue or issues" that "have been properly tried," and whether a new trial of one issue alone may be had without prejudice or injustice to any of the parties.

A partial appeal does not give the appellate court jurisdiction of the part of the judgment not appealed from. In re Burdick, 112 Calif. 387, 44 Pac. 734; G. Ganahl Lumber Co. v. Weinsveig, 168 Calif. 664, 143 Pac. 1025; Barkley v. Logan, 2 Mont. 296; Matter of Davis, 149 N. Y. 539, 548, 44 N. E. 185. If a party be permitted to appeal from the decision of one issue, as the plaintiff has done in this case, the court does not acquire that jurisdiction necessary in the exercise of appellate jurisdicton under the above statute. See: Murphy v. Spaulding, 46 N. Y. 556; Prescott v. Brooks, 11 N. Dak. 93, 90 N. W. 129; Stellmacher v. Bruder, 93 Minn. 98, 100 N. W. 473.

As the appeal must be dismissed, a discussion of the merits of the case would be out of place. We may say, however, that after rather careful consideration of the

record we are of opinion that if the judgment should be reversed for error in the assessment of damages, we could not hold that the issue as to the amount of damages "is in no way dependent for its proper trial" on other issues in the case. It is by no means clear that the issues as to negligence or nuisance have been properly and definitely determined. The lateral was constructed in 1924 by the townsite company which is not a party to the action. It was used by Sullivan's tenants from 1925 to 1930 without anyone discovering or claiming that seepage from it was causing damage. The negligence in maintenance and operation, as alleged in the petition, is that defendants "have taken no steps whatever to correct the seepage and percolation" from the lateral "though the matter has been repeatedly called to their attention and they have often been requested so to do." Here, and also in the court's findings, the liability of defendants seems to be based on failure to act after knowledge either of the defective construction of the ditch or of the seepage therefrom, or of both those conditions. When this knowledge was acquired is not found by the court nor clear from the evidence. If the duty to repair or remove the lateral arose only when defendants had knowledge of conditions causing damage, the time of acquiring such knowledge should be ascertained, as some of the damages claimed may have been caused before.

*Appeal dismissed.*

BLUME and RINER, JJ., concur.