## *Ex parte* JUGIRO.

*(Circuit Court, S. D. New York. January 7, 1891.)*

APPEAL.—PRACTICE—CITATION.

Under Rev. St. U. S. §§ 763, 764, allowing an appeal to the United States supreme court in certain cases, and Sup. Ct. Rule 8, subd. 5, providing that the appeal and citation, when issued more than 30 days before the first day of the next term of the supreme court, must be made returnable on that day, the judge of the circuit court, who is required by Rev. St. U. S. § 999, to sign such citation, cannot fix any earlier return-day.

*Habeas Corpus.*
*Roger M. Sherman*, for petitioner.

LACOMBE, Circuit Judge. The prayer of the petitioner for a writ of *habeas corpus* to inquire into the cause of his detention at Sing Sing prison, in this district, under a conviction in the state court in violation, as he alleges, of the constitution and statutes of the United States, having been denied, and order thereupon duly entered, he now appeals there-

from to the supreme court.    Such an appeal, under sections 763 and 764 of the United States Revised Statutes, as amended by the act of March 3, 1885, is accorded to him as an absolute statutory right.    The appeal and citation, when issued more than 30 days before the first day of the next term of the supreme court, must be returnable on the first day of said term.    Sup. Ct. Rule 8, subd. 5.    The judge of the circuit court, who, by section 999, Rev. St. U. S., is required to sign such citation, has no discretion to fix any earlier return-day.    This is the second application to this court for a writ of *habeas corpus* by this petitioner under the same conviction, and two of the grounds upon which he bases his present application—viz., the alleged fact that persons of his race and color were excluded, because of their race and color, from the jury list and panel; and the alleged fact that proper counsel were not assigned to him by the state court—existed when he made his former application.    Whether this is the second or the twenty-second application, however, is immaterial.    Under the statutes as they stand, it seems to be left for the petitioner alone to determine, not only how many times he will apply for the writ, and whether he will appeal from its denial, but also how often he will, by such appeal, invoke the operation of section 766, Rev. St. U. S., which provides that, until final judgment thereon, any proceeding against his person under state authority shall be null and void.    What the precise effect of the peculiar phraseology of the last-cited section may be, whether, pending such appeal, it operates as a stay, or merely as a warning that whoever, under state authority, may take any proceeding against the person of the petitioner does so at his peril, is not now before this court for decision.    The only matters now presented on the appeal are its formal allowance, and the fixing of the return-day, as to both of which this court has no discretion.