(64 South. 805.)

No. 20,065.

STATE ex rel. MARRERO, Dist. Atty., v. PATTERSON, Sheriff and Ex Officio Tax Collector.

(Oct. 20, 1913.   On the Merits, March 16, 1914.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 365*)—DEVOLUTIVE APPEAL—BOND.

An appeal granted as suspensive may be maintained as devolutive, where bond has been given by the appellant in the sum fixed by the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1784, 1977–1988; Dec. Dig. § 365.*]

2. APPEAL AND ERROR (§ 337*)—DISMISSAL— PREMATURE FILING OF TRANSCRIPT.

The filing of the transcript in the Supreme Court two days before the return day is no ground for the dismissal of the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1877, 1878; Dec. Dig. § 337.*]

### On the Merits.

3. APPEAL AND ERROR (§ 753*)—DISMISSAL OF APPEAL.

"The appellant, who does not rely wholly or in part on a statement of facts, an exception to the judges' opinion, or special verdict to sustain his appeal, but on an error of law appearing on the face of the record, shall be allowed to allege such error, if, within ten days after the record is brought up, he files in the Supreme Court a written paper, stating especially such errors as he alleges; otherwise his appeal shall be rejected."   Code of Practice, art. 897.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3086–3089; Dec. Dig. § 753.*]

Appeal from Twenty-Eighth Judicial District Court, Parish of St. Charles; Prentice E. Edrington, Judge.

Action by the State, on the relation of L. H. Marrero, Jr., District Attorney of Twenty-Eighth Judicial District, against James S. Patterson, Sheriff and Tax Collector. Judgment for relator, and defendant appeals. Dismissed.

Fred A. Middleton, of New Orleans, for appellant.   L. H. Marrero, Jr., of New Orleans, for appellee.

### On Motion to Dismiss Appeal.

LAND, J.   Judgment was rendered below decreeing that certain sureties on the bond of the defendant were not good and sufficient, and ordering him to furnish, within the time required by law, bond with good and solvent surety as required by law.   The judgment was rendered and signed on June 10, 1913.

On motion of the defendant, he was granted a suspensive appeal from the judgment, returnable on June 30, 1913, upon his furnishing bond in the sum of $100.   The bond was furnished, and the transcript of appeal was filed in the Supreme Court on June 28, 1913. On the same day the district attorney filed a motion to dismiss the appeal on the ground that Act 14 of 1878 prohibits a suspensive appeal in such cases, and on the further ground that the transcript was filed two days before the return day.

No briefs have been filed in this case, and we might well treat the motion to dismiss as having been abandoned.

Section 2 of Act 14 of 1878 does not absolutely prohibit a suspensive appeal in a case like this, but allows such an appeal where the officer, whose bond has been declared insufficient, furnishes a new bond approved by the proper officers and by the judge within ten days after the rendition of the judgment.

The motion to dismiss does not negative the furnishing of a new bond by the defendant within the time prescribed by law.

[1, 2] If, however, no suspensive appeal lies, the appeal may be maintained as devolutive. See Mestier v. Chevalier Pavement Co., 108 La. 562, 32 South. 520; Pelletier v. State Nat. Bank, 112 La. 564, 36 South. 592. The premature filing of the transcript furnishes no ground in law or reason for the dismissal of the appeal.

It is therefore ordered that the motion to dismiss be overruled.

## On the Merits.

The defendant was ordered to show that his bond was sufficient under the law, and that the sureties upon the bonds furnished both as sheriff and tax collector for the parish of St. Charles were good and solvent.

The defendant excepted as follows:

(1) The district attorney was without authority to bring the proceedings.

(2) The rule sets forth no cause of action.

(3) Defendant was not allowed the time provided by law for answering. These exceptions were overruled.

The following opinion and judgment was handed down by the judge below:

"This is a rule taken by the district attorney to test the surety on the bond of James S. Patterson, as sheriff and tax collector of the parish of St. Charles.

"It was agreed by counsel that all the sureties, whose qualifications are contested, except the three Landeche brothers, shall be stricken from the bond, and the insufficiency of the bond caused thereby shall be replaced within the time required by law.

"Under this agreement the following sureties shall be stricken from the bond as insufficient, viz.:

"Charles Elfer, $2,000.
"George Lorie, $1,000.
"J. C. Triche, $3,000.
"Mrs. J. B. Martin, $800.
"R. J. Vial, $2,000.

"The evidence shows that the only property owned by Thomas Landeche, Henry Landeche, and Lezin Landeche is $30,000 of stock held by each in the Landeche Bros. Planting Company, Limited, a corporation organized under the laws of this state.

"They have each signed the bond of the sheriff, as surety, to the amount of $1,400.

"The Supreme Court in the case of Menge v. Judge, 36 La. Ann. 713, said: 'We have failed to discover a single decision in which a surety has ever been held to be, such as the law requires, who carried all his property in his pocket, a locus to which the sheriff's grasping hand cannot, without molestation and danger, usually find its way.'

"The surety must have property, the discussion of which is not too painful.

"The court is of the opinion that the three Landeches are not good and solvent securities as required by law.

"It is therefore ordered, adjudged, and decreed that the bond of James S. Patterson, as sheriff and tax collector of the parish of St. Charles, be and the same is hereby declared insufficient to the extent that the following sureties are held not to be good and sufficient sureties as required by law, viz.:

"Charles Elfer, $2,000.
"George Lorie, $1,000.
"J. C. Triche, $3,000.
"Mrs. J. B. Martin, $800.
"R. J. Vial, $2,000.
"Thomas Landeche, $1,400.
"Henry Landeche, $1,400, and
"Lezin Landeche, $1,400.

"It is further ordered, adjudged, and decreed that the sheriff furnish within the time required by law bond with good and solvent security as required by law."

The defendant was granted an appeal from the final judgment returnable to the Supreme Court.

[3] The transcript is certified to be a true transcript of the record and of the minutes of court. It contains no notes of evidence, statement of fact, or bill of exceptions.

The case has been submitted without argument or brief on the part of the defendant appellant.

We cannot consider a case of this kind

without an assignment of errors. See Code of Practice, art. 897.

It is therefore ordered that the appeal herein be dismissed at the cost of the defendant and appellant.

PROVOSTY, J., absent on account of illness, takes no part on the merits.