## No. 2288
## Second Circuit Appeal.

## MRS. LOU CAUSEY, ET AL., v. CENTRAL CONSTRUCTION COMPANY

(June 23, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. Louisiana - Digest—Appeal—Par. 431, 518, 598, 694.
Under Code of Practice, Articles 896, 897 and 898, where the appellant has not either before, or at the time of argument, or since, made any request that the incompleted record be sent back for completion, the appeal will be rejected because the court will presume that the lower court proceeded on proper evidence.

2. Louisiana Digest—Appeal—Par. 508, 513.
Where the plaintiff, appellee, makes application to 'dismiss the appeal for the reason that no record or transcript is lodged in the Court of Appeal, the application will be dismissed because Code of Practice, Article 884, provides for the proper remedy.

3. Louisiana Digest—Appeal—Par. 518, 745.
Where there is no record or transcript before the Court of Appeal to remand, the appellant's request to remand the case for a new trial will have to be denied.

4. Louisiana Digest—Appeal—Par. 483, 548.
Defendant, appellant's, motion to remand the case more than three days after the return day is filed too late.

Appeal from the First Judicial District, Parish of Caddo. Hon. J. Stephens, Judge.

This is a suit in which there was judgment for plaintiff and defendant appealed. The record taken to the Court of Appeal was incomplete. For this reason the appeal was rejected.

Long & Crow, of Shreveport, attorneys for plaintiffs, appellees.

John B. Files, of Shreveport, attorney for defendant, appellant.

CARVER, J. The record in this case, as presented to the court, consists of plaintiffs' petition with the contract between Mrs. Lou Causey and Avon Causey and their attorney annexed; the exception of no cause or right of action; the answer; the report of Doctors Willis, Knighton, Garrett & Willis relating solely to an examination of Miss Avon Causey, one of the plaintiffs, and their opinion that she is not incapacitated for work; the testimony of Doctor Willis relating solely to her condition; the motion for appeal filed November 26, 1924; appeal bond for $5.00 dated November * * *, 1924, and filed January 3, 1925; and the judgment dated December 20, 1924, and filed December 31, 1924.

The record does not contain the minutes of the lower court or any testimony, except that of Doctor Willis, or any note of evidence, statement of facts, assignment of errors or order of appeal.

Neither is there any certificate of the Clerk.

The former Clerk of this court kept a book called "Provisional Calendar" in which, under date of January 6, 1925, was noted the filing of the case in this court; but no filing mark was made at the time on the record itself.

On March 2, 1925, plaintiffs moved to dismiss the appeal on the ground that the bond, being only for $5, was insufficient to suspend execution or protect plaintiff.

On March 5, 1925, plaintiffs filed another motion to dismiss, on the alleged ground that the appeal was returnable February 28th; that more than three days had elapsed since the return day; and that no extension had been granted. The motion does not state that the record had not yet been filed.

On March 7, 1925, appellant's attorney filed a motion alleging that a proper appeal had been taken but that the Clerk of the District Court had averred that the record had been lost or mislaid and could not be produced, and praying that the time

be extended to enable the Clerk to file the record and that if it could not be found that the case be remanded for a new trial:

On March 22, 1925, the plaintiff filed a motion to dismiss on the ground that the transcript was not filed until after March 7, 1925 and that the appeal was returnable February 28, 1925. This motion further alleged that the record had at all times been in the archives and possession of the Clerk of the lower court, had not been lost, and that no effort had been made by the appellant to produce the record and file it in this court until appellees moved to dismiss the appeal.

The present Clerk of this court began performing his duties on January 26, 1925.

At some time between March 7th and March 22nd, 1925, the record was brought to this court and was marked filed as of date January 6, 1925; that being the date on which the filing was noted in the book called "Provisional Calendar".

We cannot sustain any of the plaintiffs' motions to dismiss because the record does not show whether the grounds alleged in said motions are well founded in fact or not.

If we were authorized in the present state of the record to deal with the case on its merits, we would be obliged to affirm the decision of the lower court on the well settled ground that where no note of evidence appears on the record the court will presume that in rendering the judgment appealed from the lower court proceeded on proper evidence.

See Louisiana Digest, vo. 1. verbo "Appeal", paragraph 598, p. 583.

But we think that the proper rule for disposing of the case is found in articles 896 and 897 of the Code of Practice which read as follows. Article 896:

"If, therefore, the copy of the record brought up be not duly certified by the clerk of the lower court, as containing all the testimony adduced, the Supreme Court can only judge of such cause on a statement of facts, prepared and signed in the matter directed in the second section of the sixth chapter of the preceding title, or on a written exception to the opinon of the judge, or on a special verdict, and in the absence of all these it. shall reject the appeal; with costs; but this is to be understood with such modifications as are contained in the following article."

Article 897:

"The appellant who does not rely wholly or in part on a statement of facts, an exception to the judge's opinion, or special verdict, to sustain his appeal, but on an error of law appearing on the facts of the record, shall be allowed to allege such error, if, within ten days after the record is brought up, he files in the Supreme Court a written paper stating specially such errors as he alleges; otherwise his appeal shall be rejected."

See also:

State vs. Patterson, 134 La. 875, 64 South. 805.

Code of Practice, Article 898, provides:

"If then, at the time of argument, or before, the appellant perceives that the copy of the record is incomplete, either through mistake or omissions, or from the clerk having failed to certify the copy as containing all the testimony produced in the cause, or from any similar irregularities not arising from any act of the appellant, the court may grant him a reasonable time to correct such errors or omissions, during which time judgment on the appeal shall be suspended. And no appeal to the Supreme Court shall be dismissed on account of any defect, error or irregularity in the petition or order of appeal, or in the certificate of the clerk or judge, or in the citation of appeal or service thereof, or because the appeal was not made returnable at the next term of the Supreme Court, whenever it shall not appear that such defect, error or irregularity is imputable to the appellant but in all such cases the court shall grant a reasonable time to correct such errors or irregularities (in case they are not waived by the ap-

pellee), and may impose upon the appellant such terms and conditions· as, in their discretion, they may deem necessary for the attainment· of justice—and may also impose such fines on the officer who shall have caused such irregularities as they may deem proportioned to the offences."

In this case the appellant has not, either before ·or at the time of the argument or since made any request that the record be sent back for completion. The case was placed on the calendar for June 9th, and timely notice given to counsel for all parties.

For these reasons, the appeal is rejected.

ON MOTION TO DISMISS APPEAL.

In this case an· appeal was taken and made returnable February 28, 1925. No transcript or record has been filed in this court.

On March 5, 1925, plaintiffs, appellees, filed a motion to dismiss the appeal.

On March 7, 1925, defendant, appellant, filed a motion for an extension of time within which the Clerk shall file the record and in the event said record cannot be found that a new trial be granted.

We cannot grant plaintiffs' appellees, application to dismiss the appeal, for the reason that no record or transcript is before us to be dismissed, and Code of Practice Article 884 provides ample remedy for appellees in case of failure to file the record as required by law.

· We cannot grant defendant, appellant's· request to remand the case or order a new trial, for the reason there is no record or transcrpit before us to remand.

The case ·was made returnable to this court on February 28, 1925, and on aplication for time in which to file the transcript or bring up the papers was made in this court on or before the return day or within three days thereafter.

· On ·March 5, 1925, appellees filed a motion to dismiss the appeal.

Defendant, appellant's motion, on March 7, 1925, to remand the case came too late as more than three days after the return day had already elapsed.

It is therefore ordered, adjudged and decreed that the motions of both plaintiffs, appellees, and defendant, appellant, be denied at appellant's cost.