## MC CLINTOCK v. AYERS*
(No. 1344; April 13, 1926; 245 Pac. 298;)

APPEAL AND ERROR—CERTIFICATION OF APPEAL RECORD—SPECIFICATIONS OF ERROR—SERVICE OF NOTICE—TRANSMITTAL OF RECORD.

1. Certificate authenticating record on direct appeal, under Laws 1917, c. 32, § 6, as amended by Laws 1919, c 15, now Comp. St. 1920, § 6406, *held* sufficient, though it did not state that record "was true and correct," where it did show that attached papers contained a certified copy of all of the journal entries in the cause, and "all and correctly" of the original papers in the case.

2. Failure of record to show that district court clerk separately authenticated specifications of error on appeal, as required by Laws 1917, c. 32, § 6, as amended by Laws 1919, c. 15, now Comp. St. 1920, § 6406, *held* not ground

for dismissal, where it did not appear that omission was due to any fault of appellant; such defect not being jurisdictional.

3. Where sheriff's certificate attached to record stated that neither respondent nor his attorney of record could be found within county, and accompanying copies and original of specifications appeared to have been dated on date of its filing, reviewing tribunal might assume that at least one copy was left with clerk for filing in compliance with Comp. St. 1920, § 6409, so as to operate as a service.

4. That signatures of appellant's attorneys, found on original of specifications of error, were omitted from copy filed with clerk under Comp. St. 1920, § 6409, as service on respondent absent from county, *held* not to render service invalid or insufficient, as absence of such signatures could not cause any inconvenience or lack of information to respondent.

5. Copies of pleadings which are served need not be signed unless such signature is required by statute or rule .

6. Comp. St. 1920, § 6410, providing that, if district court shall not grant a new trial within 20 days after filing of specifications of error, clerk shall thereupon transmit record on appeal and specifications of error to clerk of Supreme Court, *held* not to deny right to transmit record on appeal prior to expiration of such period of 20 days.

* See Headnotes, (1) 4 C J p. 450 n. 9.   (2) 3 C J p. 1394 n. 22: 4 C J p. 484 n. 95.   (3-5) 3 C J p. 1397 n. 46 New; 4 C J p. 791 n. 95:  31 Cyc p. 525 n. 66.   (6) 3 C J p. 1244 n. 7: 36 Cyc p. 1157 n. 4.

Appeal from District Court, Converse County; CYRUS O. BROWN, Judge.

Action by T. E. McClintock, Receiver of Citizens' National Bank of Cheyenne, a corporation with its principal place of business at Cheyenne, Wyoming, against William L. Ayers and others.  Plaintiff appeals from the judgment. Heard on respondent's motion to dismiss appeal.

*Kinkead, Ellery* and *Henderson,* for the motion.

Section 6406 C. S. requires the record on appeal to be certified, by the clerk of the trial court, as true and correct; the record here has not been certified; 6406 C. S.

provides that the specifications of error, when filed, shall be certified by the clerk and be thereafter attached to the record; 6408 C. S. requires appellant to serve and file his specifications of error within ten days after the record on appeal is filed; the record on appeal was transmitted prematurely by the clerk of the trial court, and filed in this court prematurely; 6410 C. S. allows the trial court twenty days from the date of filing the specifications of error, to determine whether or not a new trial should be granted; under the statute, the expiration of twenty days, from the date of filing the specifications of error without the affirmative action by the court in granting a new trial, is tantamount to an order denying a motion for a new trial; Minter v. Coal Co., 28 Wyo. 72-85. The petition here is the same as would exist in a proceeding in error attempted to be brought prior to the ruling of the trial court on a motion for new trial; perfection of an appeal by service on all joint defendants is essential to give the court jurisdiction; in re Big Laramie River, (Wyo.) 192 Pac. 680. In this case, service of the specifications of error upon defendant, Mason, was incomplete.

*William C. Mentzer,* contra.

The movants failed to point out wherein the certificate of the clerk fails to comply with Section 6406, C. S.; the certificate is in form approved in Commissioners v. Shaffner, 10 Wyo. 181; McGinnis v. Beatty, (Wyo.) 196 Pac. 311; Harden v. Card, (Wyo.) 85 Pac. 246; Reynolds v. Morton, 22 Wyo. 478; Kendrick v. Healey, 26 Wyo. 261. Idaho Land Co. v. Bradbury, 132 U. S. 509, was a case wherein the clerk's signature had not been attached but the court refused permission to withdraw the record for that purpose. See also Bank v. Moderwell, (Ohio) 52 N. E. 194; Burnham v. Ry. Co., 87 Fed. 168; failure of the court to properly authenticate the specifications of error, would not constitute ground for dismissal; Hahn v. Bank, (Wyo.) 171 Pac. 889; McGinnis v. Beatty, Supra; Hanson

v. Ry. Co., (Wyo.) 213 Pac. 763; Farrar v. Churchill, 135
U. S. 609; Realty Co. v. Rudolph, 217 U. S. 547; Wilson
v. Kryger, (N. D.) 143 N. W. 764; imperfection in the
record, due to non-performance of duty by the clerk, is no
ground for dismissal; Iven v. Jessup, (Wyo.) 121 Pac.
1001; Reynolds v. Morton, 22 Wyo. 478; McGinnis v. Beat-
ty, Supra; Allen v. Lewis, (Wyo.) 177 Pac. 433; Land Co.
v. Hoffman, (Wyo.) 195 Pac. 988.   Section 6410 C. S. im-
poses a duty on the clerk and the judge; Carstensen v.
Brown (Wyo.) 185 Pac. 567; Allen v. Lewis, Supra; but
the point urged for dismissal on the ground of premature-
ty in filing the record, is not well taken; the twenty day
period, for considering the granting of a new trial, may
be waived; the intention of this statute was to aid rather
than to interfere with a prompt administration of justice;
Hanson v. Ry. Co., Supra; Goodrich v. Peterson, (Wyo.)
74 Pac. 497; in the case at bar, there was good service of
the specifications of error on respondent Mason; failure to
sign an original pleading does not affect its validity; Wil-
cox v. Chambers, 34 Conn. 179; Carr v. Adm'r., (Ky.) 102
S. W. 282; Manspeaker v. Bank, (Kan.)  46 Pac.  1012;
Cochran v. Thomas, 131 Mo. 258; Bell v. Company, (Cal-
if.) 231 Pac. 598; Bexar Ass'n., v. Newman, (Tex.) 25 S.
W. 11; the code is to be liberally construed; 5532 C. S.
Where no prejudice has resulted to respondent, and there
is no jurisdictional defect, an appeal will not be dismissed
for formal defects; Hanson v. Ry. Co., Supra.

POTTER, Chief Justice.

This cause has been heard upon a motion to dismiss. The
first ground is that the certificate authenticating the rec-
ord on appeal as filed in the District Court, and later
transmitted to and filed in this court, does not comply
with the statute.   This is a direct appeal under the provi-
sions for that procedure first enacted in 1917 (L. 1917, Ch.
32), and amended in some respects as to the record on ap-
peal, in 1919 (L. 1919, Ch. 15), the provisions as so amend-

ed being now found in Section 6405, Comp. Stat. 1920. The section provides that the clerk of the district court shall prepare a record on the appeal, to consist of original or certified copies of the pleadings, motions, demurrers, instructions given and refused, verdict and findings, certified copies of the journal entries, including the entry of the judgment or order appealed from, and the notice of appeal in the cause, securely attached together in their chronological order, and a transcript of the testimony, if prepared and filed and to be brought up on the appeal; and that when so prepared "the whole of such record shall be paged and numbered consecutively, and shall be certified to by the clerk of the district court as true and correct and filed in his office."

The point of the objection now made is that the certificate does not state that the record "is true and correct" by the use of those words. But we think it sufficient, since it does show that the attached papers or those referred to, labeled "Record," in this case, three bound packets numbered respectively Volume 1, 2 and 3, contain a certified copy of all of the journal entries in the cause, and all and correctly of the original papers in the case, reciting each, as, for example, reading from the beginning of such recitation, "petition, praecipe for summons, summons, motion for specific statement," and ending with "transcript of testimony and exhibits thereto attached." Indeed, there are two certificates, the first authenticating a copy of the journal entries, as "a true, full and correct copy of all the journal entries in the cause of" stating the title of the cause "so full and entire as the same appear of record in my office." And the final certificate, immediately following, recites as aforesaid all "full, true and correct original papers," naming them, and "certified copies of all journal entries, including judgment, verdict, all orders, transcript of testimony, and exhibits thereto attached." That certificate then concludes: "And I certify that the

above enumerated papers are all of the original papers filed in said cause.''

In Hahn v. Citizen's State Bank, 25 Wyo. 467, 171 Pac. 889, the clerk's certificate authenticating the record on appeal, though not stating in so many words that the record ''is true and correct,'' was assumed to be sufficient, the court, after quoting the statute, saying: ''The record here is certified * * * * as a full, true and correct transcript of all papers filed and proceedings had in said cause.'' And in McGinnis v. Beatty, 27 Wyo. 287, 196 Pac. 311, speaking to this question, and referring to a record returned for amendment and again, after amendment, transmitted to this court, we said: ''The clerk's original certificate does not use the words that the record is true and correct. But it does certify, as above stated, that the attached and foregoing instruments, numbered 1 to 22 inclusive, are the original instruments filed in the cause, and that number 23 is a full, true and correct copy of the orders specified in the certificate. And we think that a sufficient compliance with the statutory provision that the record when prepared shall be certified to by the clerk as true and correct. * * * * The clerk having originally certified that certain instruments preceding the certificate numbered as stated above are the original instruments filed in the cause, indicating, we think, all of the instruments so filed, and further, that the remaining instrument referred to by its number as aforesaid, was a full, true and correct copy of certain stated orders of the court, is substantially the same as stating that the record is true and correct, and should be given the same effect, we think, as though the statutory words had been used in the certificate.''

The second ground of the motion is that no specifications of error, authenticated by the district court clerk's certificate, appear in the record on appeal. A document so entitled, and appearing in form to be such, is in the record, marked as filed, over the signature of said clerk,

on September 17, 1925, which was within the period provided by law for the filing and serving thereof; that is to say, within ten days after the filing in the clerk's office of the record on appeal. But there is no separate authentication thereof. However, it bears a written acknowledgment and acceptance of service on September 16, 1926, by Otto E. Rouse, one of the defendants below and a respondent here, and by the attorneys of two other defendants and respondents, seeming to indicate, together with the filing mark, that the document is the original specifications of error. And there are also in the record, marked "Filed" over the signature of the clerk on the same day, two copies of said document, but with the signatures of the counsel filing the same omitted, claimed here to have been filed for the purpose of service upon a party who could not be found in the county for personal service.

The procedural statute we are considering, as originally enacted, provided for the insertion of the specifications of error as a part of the record when first prepared, authenticated and filed. Laws 1917, Ch. 32, Sec. 6. Section 8 of the original act, however, provided, as it continues to provide, that within ten days after the preparation and filing of the record on appeal, specifications of error shall be served and filed, with the designation therein of the page of the record on which the order, finding or judgment complained of is to be found, and the number of the question to which any ruling of the court in admitting or rejecting evidence complained of refers. The two sections, therefore, while not in direct conflict, rendered their application inconvenient in the respect mentioned, and for that reason, no doubt, Sec. 6 was amended in 1919, so as to provide that the specifications, when filed, shall be authenticated by the certificate of the clerk and *attached to the record* by him, and *shall thereupon become* a part of the record. The authentication of the record by the clerk under the statute as originally enacted authenticated, of course, also the specifications of error.

While, now, the statute requires a separate authentica-
tion, and it should be complied with, we  think  it clear
that the omission of such certificate is not a ground for
dismissal.   Hahn v. Bank, 25 Wyo. 67, 171 Pac. 889; Mc-
Ginnis v. Beatty, 27 Wyo. 287, 196 Pac. 311; Hanson v. C.
B. & Q. R. Co., 29 Wyo. 421, 213 Pac. 763.   It is made the
duty of the clerk to affix such certificate, and it does not
here appear that the omission is due to any default of the
appellant, and it is clearly, we think, not a jurisdictional
defect.   To dismiss the appeal for such omission, under
the circumstances, would be too severe a penalty.  Where
the omission was of the filing indorsement of the record
itself, we said that, if necessary, the record might be re-
turned for correction by proper indorsement showing it to
have been filed as of the date when it was actually in the
clerk's office for that purpose.   Hahn v. Bank, supra.  And
if there should be here any doubt concerning the identity
of the document in question, the record might be returned
to permit the clerk to attach the proper authentication
certificate, or a certificate stating the facts.

Omitting for the present the third ground, the fourth
ground of the motion relates also to the specifications of
error, and, stated briefly, is that such document was not
served upon one  of the  defendants, and  therefore, al-
though such defendant was served with notice of appeal,
this court has not acquired jurisdiction over him.   It is
admitted, in the motion, that it appears from a certificate
of the sheriff in the record that neither said defendant,
Charles R. Mason, nor his attorney of record, could be
found within the county, thereby rendering personal serv-
ice impossible.   It is admitted also that there appears in
the record an unsigned instrument designated ''Specifica-
tions of Error,'' filed on September 17, 1925, and also an-
other like unsigned instrument filed on the same day, but
it is alleged that said purported copies are insufficient be-
cause they do not show the signatures of appellant's at-
torneys, appearing upon the original thereof as filed.  'It

appears from these copies in the record that lines left for the signatures of attorneys above the typewritten words "Attorneys for plaintiff and appellant" are left blank.

The statute (C. S. 1920, Sec. 6409) provides that the notice of appeal and specifications of error may be served by a party intending to appeal by delivering copies thereof to either the opposing party or his counsel within the county where the judgment or order entered is appealed from," and in the event such personal service cannot be had within the county, the filing of an original and copy thereof with the clerk of the district court of such county shall be deemed service of such papers." The sheriff's said certificate appears to have been attached to the record together with these copies and the original specifications of error, and appears to have been dated on the date of its filing, viz: September 17, 1925. And we think it competent for the court to assume therefrom that at least one of these copies was left with the clerk for filing, and filed, in compliance with the quoted provision of Section 6409, to operate as a service of the specifications upon said defendant Mason. This leaves for determination the question whether the fact that the signatures of appellant's attorneys found on the original were omitted from said copy renders said service invalid or insufficient. It is contended that it does. We think it does not. The general rule as to serving copies of pleadings is that such copies served need not be signed unless such signature is required by statute or rule. 31 Cyc. 525; Wilson v. Fine, 39 Fed. 789; Crooks v. Davis, 5 Upper Canada Q. B. (O. S.) 14. And this statute certainly does not require in so many words that the copy so filed as service shall have copied therein also the signature of the appellant's attorneys. It was said by Deady, J., in Wilson v. Fine, construing a statutory provision that the summons shall be served by delivering a copy thereof "together with a copy of the complaint, prepared and certified by the plaintiff * * * or the county clerk." When passing upon a motion to set

aside the service of summons because the copy of the complaint served did not contain a subscription of the plaintiff or his attorney:

"As a copy was only required to be served for the purpose of apprizing the defendant of the nature and particulars of the cause of action against him, the subscription of the complaint by the plaintiff and his attorney, is, for such purpose, not a material part of the complaint."

And that is the effect also of the decision in Crooks v. Davis, supra. In the case of Allen v. Bagnell, 17 N. Y. Civ. Proc. Rep. 426, the omission of signature or office address of the attorney was held to invalidate service, but because the statute expressly required that "all papers served shall be subscribed or endorsed with the office address of the attorney." As was pointed out by this court in Hahn v. Bank, supra, the purpose of an assignment or specification of errors is for the information of opposing counsel and the reviewing court. And we see no good reason for denying the application of the rule aforesaid as to service of pleadings to the service of specifications of error under our said statute. The absence of the signature of the attorneys could not have caused any inconvenience or lack of information to the defendant thus sought to be served with the document. Referring to this particular statute, we said in Hanson v. C. B. & Q. R. Co., supra: "The intention of the statute was to aid rather than to interfere with the convenient and prompt administration of justice, and not to set a trap for a litigant or his counsel." And that was said when disposing of a motion objecting to the failure to serve specifications of error within the time fixed by the statute.

The third ground of the motion is that the record on appeal was filed in this court prematurely, and therefore that the court is without jurisdiction to consider the cause on appeal. Under the direct appeal statute, it is expressly provided that this court shall not acquire jurisdiction over

the cause until the record on appeal is filed with the clerk here. As stated in the motion and as stated above in this opinion, the filing date of the specifications of error was September 17, 1925. And, as also stated in said third ground of the motion, the record was thereafter transmitted to this court and filed here on October 5, which was eighteen days after the date of the filing of the specifications of error in the district court. This ground of the motion is based upon those facts and upon a provision of Section 6410 (Sec. 10 of the original act), and it requires a construction of that and other provisions of the section.

That section provides that within five days after the filing of the specifications of error, the district court clerk shall notify the judge before whom the action was tried, in writing, that the record on appeal is perfected and on file in his office; that it shall thereupon become the duty of such judge, within fifteen days after receiving such notice, to review the said record and consider the specifications of error, and if he shall determine that the party appealing is entitled to a new trial he shall make and enter an order in the cause granting the same, in which event the record shall remain with the clerk of the district court for trial therein, unless the respondent shall appeal from said order granting the new trial, in which event the record, as perfected, shall constitute the record upon that appeal, with said new order added, and, doubtless, the said respondent's notice of appeal. See Allen v. Lewis, 26 Wyo. 85, 177 Pac. 433. If the judge of said district court shall neglect or refuse to grant the appellant a new trial within the period of twenty days from the date on which the specifications of error are filed with the clerk of the district court, then it is provided that the said clerk "shall thereupon transmit to the clerk of the supreme court the record on appeal and the specifications of error." And this is the provision relied upon to show a premature filing of the record here and our lack of jurisdiction thereby.

Our attention is called by appellant's counsel to the fact that the record contains nothing to show that the clerk's notice to the judge of the filing of the record was not given, if at all, on the same day of that filing, so that the fifteen days for consideration by the judge of the record and specifications would have expired on October 2, leaving no reason for a further delay in transmitting the record here, unless the provision requiring the clerk to "thereupon" transmit the record to this court, if the district judge shall not grant a new trial within twenty days from the filing of the specifications of error required such delay. And said counsel contends that said provision is not to be construed as preventing an earlier transmission and filing of the record and docketing the cause here. It will be noticed, in this connection, that there is no provision in the section, nor is there any elsewhere in the statute, requiring that the record on appeal shall include any showing of the fact of the clerk's notice to the district judge or of the latter's consideration of the record and specifications of error unless an order is granted for a new trial, and an appeal is taken therefrom. And we have held that the statute does not require the record to show either of said facts, in the absence of an order granting a new trial. Carstensen v. Brown, 26 Wyo. 356, 185 Pac. 567.

There was a motion in that case to dismiss the appeal on the ground that it did not appear from the record that the judge had been notified in writing, or at all, that the record had been perfected and filed, and this court, denying the motion, said: "There is nothing in the statute requiring that the record on appeal shall show that such notice was given." And it was also said, that "the record on appeal must be perfected and filed in the office of the clerk of the district court before the notice is to be given, and, therefore, the notice could not be a part of such record. The clerk is presumed to have done his duty by giv-

ing the notice, at least in the absence of any showing to the contrary.''

And in Allen v. Lewis, supra, we said that the direct appeal statute provides for a consideration of specifications of error by the district court, as a substitute for a consideration of alleged errors upon a motion for a new trial, but ''without requiring the record of any decision thereon unless a new trial is granted.''

All that the statute requires of the clerk in completing the record for transmission to and filing in this court, after is has first been prepared and filed, is that upon the filing of the specifications of error such specifications shall be authenticated and attached to the record. And the provision requiring him to transmit the record to this court ''thereupon,'' that is to say, upon the expiration of twenty days from the filing of specifications of error, if the judge has not granted a new trial in the meantime, certainly does not expressly provide that the record shall not be transmitted prior to that time; and no good reason is perceived for reading any such negative provision into the words of the statute. Indeed, cases have been considered here without objection which have been so filed here, and we have heretofore, as known to counsel, expressed in open court, but without written opinion, a view contrary to the contention of counsel for the motion here as to this matter. Upon more deliberate consideration, in the consideration of the present motion, we feel it necessary to adhere to that view. And, to fully explain it, we shall proceed to a further discussion of the question, first referring as in some of our earlier opinions concerning this statute, to the history of its enactment.

The only appellate procedure for the review in this court of causes determined in the district courts, prior to the enactment of this so-called direct appeal statute, was a proceeding in error, instituted by a petition in error, and requiring, to bring evidence and proceedings before

us, not a part of the record proper, a bill of exceptions allowed in the court below, and controlled by a rule of this court in existence almost from the first organization of the court under the territorial form of government, that nothing would be considered here which could have been assigned as a ground for new trial in the court below, unless the same was properly presented to that court by such a motion, the latter overruled, and exception reserved thereto, all to be shown by bill of exceptions. It was proposed by enacting the direct appeal statute to provide an independent and additional method of coming to this court, which would avoid the necessity of either filing motion for new trial or preserving any matter by bill of exceptions. This has been explained, as is well known to the profession, in several of our decisions. In some of them it has been stated, and may now be repeated, that section 10 of the original act, now section 6410 Comp. Stat. 1920, was not in the bill for the act when originally prepared by a committee of the State Bar Association. But upon the presentation of that bill to said association, the provisions now found in that section were directed to be incorporated into the bill. Concerning this matter, we said in Allen v. Lewis, 26 Wyo. 85, 177 Pac. 433, explaining the reasons for the insertion of the provisions of that section:

"We know from the unwritten history of the statute in question that section 10 was not originally in the bill as prepared to be introduced at the 1917 session of the legislature, and that it was inserted upon a suggestion to the committee of the State Bar Association in charge of the matter that since the cause might not come before the district court on motion for a new trial, that court should be afforded an opportunity to examine the specifications of error and grant a new trial if the appellant should be entitled thereto. It was thought that such procedure would not only afford the trial court an opportunity to discover

and correct its own error, if any had been committed, but might also in some cases prevent a delay in the final disposition of the cause. And the obvious reason for fixing a time for such consideration by the trial court was to prevent the provision therefor itself causing unnecessary or unreasonable delay. And to further promote the purpose aforesaid, while providing for a review of the record by the trial court upon the specifications of error it is also provided that an appeal may be taken from an order granting a new trial, and upon the same record as to the proceedings prior to such order.''

Thus it is apparent that the provision for a consideration by the trial court of errors alleged upon a record on appeal, though expressed in mandatory form, was inserted for the benefit primarily of the trial court, though no doubt the provision was intended also, and its effect should be, to promote the fundamental purpose of the procedure provided by the statute. It is true also that the parties cannot be otherwise than interested in the consideration by the court under said provision. Indeed, we have held, in Allen v. Lewis, supra, that the time permitted for such consideration might be waived so that by consent of the parties the court may consider and determine the matter and grant a new trial after the expiration of the fifteen day period allowed from the date of the clerk's notice. And we said in that case ''When the time is extended by consent amounting to a waiver, the record may properly be retained in the district court until the expiration of the time as so extended, so that, if a new trial is granted within that time, the record may then be retained for further proceedings as provided in the statute, and an appeal may be taken from the order granting a new trial  *  *  *  *  *  the same as if the order had been made within the twenty day period, though the time therefor will be determined by the date and the nature of such order.'' To which we added: ''This, in our opinion, is in accord with the purpose of the provision and not

inconsistent with its language as relating to a court of general jurisdiction possessing inherent power to grant a new trial, except as limited or regulated by statute.''

But that case, Allen v. Lewis, is the only one that has come before us on an appeal from an order granting a new trial under said provision of the statute, tending strongly to indicate that in a great majority of appeals taken under the statute, the original judgment or order has been allowed to stand for consideration by this court upon the original appeal. That fact may perhaps not be important or entitled to much consideration in determining the meaning and effect of the provision aforesaid for transmitting the record to this court. But we think it will bear out the view we have taken of that provision, in the sense of showing that the view we entertain cannot be subject to the criticism that it may destroy or largely interfere with the general purpose of this statute to simplify the appellate procedure and expedite the final disposition of civil and criminal causes. We stated a general rule in Allen v. Lewis, supra, as follows:

''An affirmative statutory provision relating to the time and manner of performing official acts unlimited or unqualified by negative words is generally considered as directory rather than mandatory, though it is a question of intention to be ascertained from a consideration of the entire act, its nature and object, and the consequences that might result from construing it one way or the other.'' (Citing Lewis's Sutherland on Statutory Construction, 2nd Ed., Sec. 610; 36 Cyc. 1157). So far as concerns the question before us here, we think it true that there are no negative words in the provision to be construed. It states in effect that if the district court shall not grant a new trial within the period of twenty days from the date of the filing of specifications of error with the clerk of the district court, the clerk shall thereupon transmit the record on appeal and the specifications of error to the clerk of the supreme court; and we are unable to see in that anything that will reasonably justify a conclusion

that it amounts to a negative declaration denying the right to transmit the record prior to the expiration of that period of twenty days. The only possible reason for any such conclusion that occurs to us might be the failure of the statute to provide for preserving in the record the facts of the clerk's notice and the judge's review or the date of the clerk's notice. But we are not satisfied with that as a sufficient reason.

Should it occur that the record in any cause should be transmitted here and filed within said twenty day period, and thereafter an order be entered in the district court granting a new trial, there could certainly be no objection to the entry of an order here upon an application showing the facts for a return of the record and a dismissal of the proceeding here, if necessary to allow further proceedings in the district court as provided in the statute. In Allen v. Lewis, supra, it appeared that the trial court's order for a new trial, made and entered some time after the expiration of the twenty day period allowed by the statute, by consent of counsel, was amended to recite the fact of such consent, after the filing of the record here upon the original respondent's appeal from said order. And we held that the fact that the record and specifications of error had been filed in this court did not deprive the trial court of the right to so amend its order, and that said amended order might be brought into the appeal from said order. And we think the same principle would permit the court below to act within the twenty day period or later under a situation like that appearing in Allen v. Lewis, notwithstanding a prior filing of the record in this court; and in the absence of any showing that the court did not so act, that the record might remain here, with jurisdiction acquired by this court from the date of its filing.

It would seem an unnecessary and extremely technical procedure to require, in such circumstances, the dismissal of the proceeding here because of premature filing and docketing, merely that it might be refiled and re-docketed. For there seems to be no express limitation upon the time

for filing the record here after said twenty day period has expired, to confer jurisdiction. And the point here involved is not the right or effect of a premature *appeal*, for the *appeal* was taken in the case by filing and serving the notice, and the preparation and filing of the record in the court below. And so the statutory limitation period of one year for bringing a proceeding in error might not, perhaps, apply, and even if it would, that period has not yet expired.

It was held in Davies v. Corbin, 113 U. S. 487, that the docketing by the defendant in error of a cause in advance of the return day of the writ of error did not prevent the plaintiff in error doing what is necessary while the writ was in life, to give it full effect, e. g., to file his security, which had not been filed at the time of docketing. In State v. Patterson, 134 La. 875, 64 So. 805, it was said that the premature filing of the transcript in the supreme court furnished no ground in law or reason for the dismissal of the appeal. We find it stated in 3 C. J. 1244 that an appeal cannot be entered in the appellate court before the time prescribed for that purpose by statute or rule of court; which we need not doubt if it be limited to a statute that prescribes the time of entering the appeal in language clearly fixing the terminus a quo, the time when the right to do the act commences. And we think it cannot be understood as stating more than that from the cases cited in the footnote. Thus, the first case cited, Ex parte Jugiro, 44 Fed. 754, decides merely that under the United States statute providing that the appeal and citation, when issued more than thirty days before the first day of the next term of the Supreme Court, *must be* made returnable *on that day,* the circuit judge, required to sign such citation, cannot fix any earlier return day. The Florida case cited, Griffith v. Henderson, 52 Fla. 507, was decided under a statute providing that if an appeal is taken within a period less than thirty days from the first day of the next succeeding term of the appellate court, it *must* be made returnable *to a day in such term more than*

*thirty and not more than fifty* days from the date of such appeal. And it was held that if in such case the appeal be made returnable to the first day of the term, it would be entered in direct violation of law and confer no jurisdiction upon the appellate court. And Garrison v. Parsons, 41 Fla. 143, is to the same effect. In the Georgia case cited, Kenney v. Wallace, 87 Ga. 506, 13 S. E. 554, it appeared that the bill of exceptions was filed in the office of the clerk of the superior court on February 20, and that the then present term of the supreme court began on March 2, and it was held that the writ of error, if it could be entertained at all, was returnable to the next term; and the court ordered that it be entered on the docket of *that* term, to be properly disposed of in its order. In the Massachusetts case cited in the note, Stoll v. Richardson, 1 Allen 401, it appeared that by the provisions of the statute (not otherwise stated) the copies and papers relating to a question of law, arising either in the supreme judicial or superior courts, upon appeal, by a bill of exceptions, reserved case or otherwise, are not required to be transmitted and entered on the law docket of the supreme judicial court until within twenty days after the adjournment without day of the court for the term in which the question arose. And the court held that until such adjournment the question could not be entered in said appellate court, but stated that such conclusion was made clear by *another* provision of the statute providing that such cases shall be entered in their order in said supreme judicial court, and in the order of time, as nearly as may be, of the final adjournment of the terms at which the questions arise; and thereupon the court said that it was their final adjournment which marked and fixed the time for such entry, and that practically, that was the more convenient rule, since the involved parties would know with certainty when they must appear and attend to the question on the law docket of said court, if entered. A Kentucky case cited in the note, Ervin v. Benton, 27 Ky. L. Rep. 108, reports a decision upon motion to advance, wherein the court said:

"There is a motion to docket and advance this cause, apparently on the idea that it is governed by the provisions of the act of 1900 for the trial of contested election cases. But it was held in Shindler v. Floyd, 26 Ky. L. Rep. 332, that the act of 1900 does not apply to contests of local option election. The appeal before us is from the judgment of the circuit court in a local option contest, and as the act of 1900 does not apply to it, and the rule of the court is not to docket cases except by consent before the term at which they stand for trial under the Code, the motion to docket and advance this case must be overruled."

We see nothing in any of these cases at variance with our conclusion in the case at bar.

We have thus considered the several grounds of the motion, and finding none sufficient to justify an order dismissing the appeal, the motion to dismiss will be denied.

*Motion to Dismiss Denied.*

BLUME and KIMBALL, JJ., concur.