HITSHEW v. DERN, ET AL.*
(No. 1380; November 18, 1927; 261 Pac. 121)

COSTS—FRIVOLOUS APPEAL—PENALTY FOR ATTORNEY FEE.

1. Where judgment in an action of ejectment was not only supported by the evidence but was result of consent of all parties in open court, defendant's appeal only from that part finding that the plaintiff was entitled to possession at commencement of the action and awarding of costs *held* frivolous and taken merely for the purpose of delay, warranting assessment of penalty for attorney's fees as provided by Comp. St. 1920, § 6372.

*See Headnote: (1) 15 C. J. p. 283 n. 21, 33.

APPEAL from District Court, Niobrara County; CYRUS O. BROWN, Judge.

Action by Oliver Hitshew against C. E. Dern and another. Judgment for plaintiff and defendants appeal.

*Edwin L. Brown,* for appellants.

The Court erred in holding that plaintiff was entitled to possession at the time the action was commenced. Plaintiff was not entitled to possession until he had tendered to the Court and surrendered notes and other evidence showing discharge of defendants' obligations. If the judgment, awarding plaintiff possession as of date of commencement of the action, should stand, it might constitute a claim for rents, issues and profits for the years 1924, 1925. The judgment should be reversed.

*Harold I. Bacheller,* for respondent.

There can be no appeal from a mere finding; 3 C. J. 600. The judgment is the only one that could have been entered in the case, 7 Am. & Eng. Ann. Cas. 1124. Defendants without introducing testimony consented that judgment might be entered under certain circumstances; the only judgment that could be entered in an ejectment case such as this, would be a judgment that plaintiff was entitled to possession on the date of his action, as alleged. The indebtedness was paid by the plaintiff in accordance with the agreement of sale; there was nothing in the agreement requiring plaintiff to notify defendants that the indebtedness had been paid. The matter presented on this appeal is a moot question. 3 C. J. 357. Defendants do not question the relief given plaintiff by the lower court; if the judgment is reversed here, such reversal can merely be an order striking out the findings appealed from by defendants.

*Edwin L. Brown,* in reply.

Defendants did not agree in open court that a general judgment might be entered. Plaintiff failed to state a cause of action and the point was not waived, 5653 C. S. Respondent's counsel stated, upon oral argument in this court, that he would then and there consent that the provision of the judgment for possession at the time suit was

commenced, might be stricken out, but he now argues affirmance in general, also alleging that the judgment is *res judicata* on the question of damages for depriving plaintiff of possession during the years 1924, 1925.

Before BLUME, Chief Justice, POTTER, Justice, and BURGESS, District Judge.

BURGESS, District Judge.

This is an action of ejectment brought in Niobrara County by Oliver Hitshew against C. E. Dern and Ethel Dern for the recovery of the possession of certain lands situate therein. Upon the trial the plaintiff made out a *prima facie* case showing in him the right of possession, and rested. The defendants then sought to introduce certain evidence which upon objection was ruled out by the court. There then ensued colloquies between the attorney for the plaintiff and the attorney for the defendants and the court, the result of which was that the defendants consented to the entry of a judgment in favor of the plaintiff. Upon submission of the draft of judgment by the attorney for the plaintiff to the attorney for the defendants the latter approved it except to the finding therein contained that the plaintiff was entitled to possession of the premises on the date suit was commenced. The trial judge, however, signed the draft as drawn, and the defendants have appealed from and complain only of that part of the judgment finding that the plaintiff was entitled to possession at the commencement of the action, and awarding him his costs.

The judgment is not only supported by the evidence in the case but was the result of the consent of all parties in open court. There is nothing in the record upon which the defendants could hope to modify the judgment in its award of costs to the plaintiff or in the finding that he was entitled to possession of the premises at the time suit was

started. We are satisfied the appeal is frivolous, and was taken merely for the purpose of delay.

Suggestion is made by counsel for the defendants that the petition of plaintiff does not state facts sufficient to constitute a cause of action, but is without merit. The judgment will be affirmed.

There will be taxed as a part of the costs of the case the sum of $50 to be paid by the appellants to the counsel of the respondent in accordance with Section 6372, Wyo. Compiled Statutes 1920.

*Affirmed.*

BLUME, Ch. J., and POTTER, Justice, concur.