## CONWAY v. SKIDMORE, ET AL.

(No. 1870; December 17, 1935; 52 Pac. (2d) 1235)

For the plaintiff and respondent the cause was submitted upon the brief of *John Delaney*, of Cheyenne.

*Edward Lazear* for appellants filed no brief.

PER CURIAM.

The respondent has filed a motion to retax costs. The costs were taxed under section 89-4820, R. S. 1931, and pursuant to our order, entered March 12, 1935, "that the costs of this appeal be taxed against plaintiff and respondent." It is claimed that this order was not authorized by the statute. The time for filing an application for rehearing expired, and our mandate went to the district court, on April 12. The motion to retax was filed some time thereafter, and it may be that it was filed too late, but we shall not deny it on that ground.

It is contended that section 89-4820 does not apply to cases brought to this court by direct appeal. The section provides that, "when a judgment or final order is reversed, the plaintiff in error shall recover his costs" etc. When the statute was enacted it applied only to proceedings in error, as there was then no other method of invoking the general appellate jurisdiction of this court. See Holgate v. Downer, 8 Wyo. 334, 349, 57 Pac. 918. In 1917 the legislature passed the direct appeal statute (§§ 89-4901 to 89-4915) which provides for another appellate proceeding. The first section (89-4901) provides:

"No proceedings in error shall be necessary to present for review in the supreme court any judgment or order heretofore removable thereto by such proceedings in error, but any such judgment or order may be therein reviewed by direct appeal, and the words 'pro-

ceedings in error,' where used in the laws of this state, shall be held to mean and include 'appeal.' "

The last section (89-4915) declares that the provisions of the act "are intended to provide for a direct appeal to the supreme court . . . from the district courts, and as a separate and independent method of reviewing civil and criminal causes in the supreme court, in addition to the provisions of law of this state now in existence for reviewing such causes in the supreme court on proceedings in error, and nothing herein contained shall be construed as modifying, changing, amending, altering or repealing any of the provisions of the existing laws of this state relating to proceedings in error."

The purpose of the act was to provide an additional and independent method of coming to this court. McClintock v. Ayers, 34 Wyo. 476, 489, 245 Pac. 298. The act does not purport to prescribe the relief that may be granted on the appeal. It was evidently intended by the legislature, and has always been assumed by the court and by the bar that an appellant in a direct appeal should be able to obtain the same relief that a plaintiff in error could obtain in a proceeding in error under the older statutes. See Solvent etc. Co. v. Walker, 128 Tenn. 22, 157 S. W. 66. The declaration of section 89-4901, that proceedings in error shall mean and include appeal is sufficient to show that legislative intention. The section that provides for stay of execution requires that the bond for that purpose shall be conditional, among other things, on the payment of "all costs of appeal" § 89-4912. In the many cases brought to this court by direct appeal since 1917, it has been taken for granted that the power of the court to grant relief was controlled by those statutes and rules theretofore in effect that could have appropriate application to either kind of appellate proceeding. In cases too

numerous to mention, costs have been taxed in favor of the successful appellant, as in the case at bar, under section 89-4820, and section 31-117. An attorney's fee has been taxed as part of respondent's costs, under section 89-4804. Hitshew v. Dern, 37 Wyo. 329, 261 Pac. 121. Rule 12 of the court (Allen v. Lewis, 26 Wyo. 85, 93, 177 Pac. 433); section 33-1201 of the criminal code (State v. Sorrentino, 31 Wyo. 129, 148, 224 Pac. 420); section 89-2605 (Bushnell v. Elkins, 34 Wyo. 495, 508, 245 Pac. 304); section 89-4803 (Snowball v. Maney Bros. Co., 39 Wyo. 84, 106, 271 Pac. 875; Cottier v. Sullivan, 47 Wyo. 72, 84, 31 Pac. (2d) 675) have been resorted to in the consideration of our power to grant appropriate relief in cases brought here by direct appeal, though the mentioned rule and statutes became effective when the only method of appeal to this court was by proceeding in error, and most of them by their terms refer to that proceeding.

We hold that the costs in question were properly taxed under section 89-4820, which in view of the provisions of the direct appeal statute and the established practice, applies to both proceedings in error and appeals.

The motion will be denied.